### No. 220.—JOHN WATT & Co. v. A. R. HENDRY.

Citation of renewal of a judgment must issue from the court that rendered the judgment, whether the defendant resides in the parish where it was rendered or be a resident of some other parish of the State. C. P. 162. An exception that the defendant resides in another parish is therefore unavailing. Such citation may, however, issue in the name of or on the application of any person having an interest in the judgment.

The giving of a twelve months' bond for the price of property bid in under execution does not extinguish the debt nor novate the judgment. If the bond be not paid, the prescription applicable to judgments can alone be invoked by the judgment debtor.

APPEAL from the Twelfth Judicial District Court, parish of Catahoula. *Crawford, J. R. G. Smith,* for plaintiffs and appellees. *R. W. Richardson* and *O. Mayo,* for defendant and appellant.

LUDELING, C. J. This is an action to revive a judgment. The defendant filed an exception to the proceedings on the grounds that he is a resident of the parish of Franklin, and he can not be sued in the parish of Catahoula, and that the parties plaintiffs in the suit are not the real plaintiffs, having sold their judgment to one Newman, and that Newman can not prosecute this suit in the name of John Watt &. Co., a firm which has been long dissolved.

There is nothing in the record to show whether or not the exception was tried. But there is nothing serious in it. The act of 1853 provides that "any party interested in any judgment may have the same revived at any time before it is prescribed, by having a citation issued according to law to the defendant or his representative, from the court which rendered the judgment." This is one of the exceptions expressly provided by law to the general rule that the defendant must be sued before his own judge. Ray's R. S. section 2813; C. P. article 162.

The defendant, in his answer, alleged that the judgment was extin-guished, because a twelve months' bond had been given in a proceeding under the judgment, that the twelve months' bond was prescribed by the lapse of five years, and that therefore the judgment itself was prescribed. The twelve months' bond did not novate the judgment, and whether the bond given for the price of property sold under seizure be extinguished by prescription or not, does not affect the judgment. The judgment is not prescribed, nor has the bond been paid.

It is therefore ordered and adjudged that the judgment of the district court be affirmed, with costs of appeal.

Mr. Justice Taliaferro recused.