GEORGE W. WISE *v.* KERR THREAD.

1. VENUE. *Justice of the Peace. Suit on judgment. Code* 1892, § 2395.
   A suit upon a judgment rendered by a justice of the peace is properly brought, under Code 1892, § 2395, regulating the venue of actions in justices' courts, before a justice of the peace of the district of defendant's residence, although the judgment sued upon was rendered by another justice of the peace of a different district.

2. JUSTICES OF THE PEACE. *Judgments. Enrollment. Code* 1892, § 2413.
   A judgment of a justice of the peace may be enrolled in any county upon compliance with Code 1892, § 2413, providing for such enrollment on filing an abstract of the judgment with the clerk of the circuit court.

3. SAME. *Suit upon judgment. Loss of record. Evidence. Code* 1892,
    § 1792. *Laws* 1896, *p.* 108.

> In an action upon a judgment rendered by a justice of the peace
> a certified copy of the judgment roll is admissible in evidence,
> under Code 1892, § 1792, as amended, Laws 1896, p. 108, making
> such certificate competent evidence of enrollment, the records
> of the justice of the peace who rendered the judgment having
> been destroyed.

FROM the circuit court of, second district, Coahoma county.
HON. SAMUEL C. COOK, Judge.

Thread, the appellee, was plaintiff in the court below; Wise,
the appellant, was defendant there.

Thread brought suit against Wise before the mayor of
Jonestown, in Coahoma county, and obtained a judgment.
This judgment was never satisfied. Wise afterwards removed
to justice district No. 3 of said county. Coahoma county is
divided into two circuit court districts, and Wise lived in the
second district. The judgment was never enrolled in the sec-
ond circuit court district, but was enrolled in the first cir-
cuit court district. Appellees brought this suit against Wise,
based on the judgment rendered by the mayor of Jonestown
in the justice of the peace court in justice district No. 3,
where Wise then lived. There was a judgment for plaintiff,
and the defendant appealed to the circuit court. The de-
fendant moved to dismiss the cause because, as was claimed,
"the court had no jurisdiction to proceed with the cause, the
judgment sought to be revived having been rendered by an-
other court." This motion was overruled. In the trial on the
merits, the certified copy of the judgment roll from the first
district of Coahoma county was introduced in evidence over
defendant's objection. It was shown that the justice of the
peace docket in which the judgment against defendant was
entered had been destroyed by fire, and the only evidence that
there had ever been a judgment against appellant was the cer-
tified copy of the judgment roll, together with the testimony
of the attorney who wrote the judgment in 1895. This wit-

ness had no independent recollection of the date of the rendition of the judgment, but was allowed, over defendant's objection, to refresh his memory from the certified copy of the judgment roll for the purpose of fixing the date, terms, and amount of the judgment sought to be revived. The cause was tried before the judge without a jury. From a judgment for plaintiff defendant appealed to the supreme court.

*J. W. Cutrer,* for appellant.

There are two methods of saving a judgment from the bar of the statute of limitations. One method is by an action of debt on the judgment, which is as much a new and independent suit as is an action to recover on a promissory note. The other method, the one adopted in this case, is by a proceeding of *scire facias.* Either course was open to appellee. The statement filed with the justice sets out that the proceeding is "to revive or renew" a judgment. It is exactly what should be set up in a petition for the writ of *scire facias.* Appellee could not have worded a petition for the writ more appropriately, for the very purpose of the writ is to revive and give additional life to a dying judgment. When appellant came into court in obedience to its process, he was at once confronted with the fact that the proceeding was one for a revivor. The application to revive should have been made before the present mayor of Jonestown, because of the fact that a proceeding by *scire facias* to revive a judgment is not an original proceeding, but is nothing more than a continuation of the former suit. 18 Am. & Eng. Ency. Pl. & Pr., p. 1060, note 1, and cases there cited; Bouvier's Law Dictionary; 3 Blackstone, 416; *McLeod* v. *Harper,* 43 Miss., 42.

It necessarily follows therefore that the only court of jurisdiction in such a proceeding is the court which rendered the original judgment; and the *scire facias* must issue therefrom, and not from some other court. *Conner* v. *Neff,* 27 N. E. Rep., 645; *Masterson* v. *Cundiff,* 58 Tex., 472; *Schmidtke*

Opinion of the court.

v. *Miller,* 71 Tex., 103; *Wonderly* v. *Lafayette Co.,* 77 Fed. Rep., 665; 18 Am. & Eng. Ency. Pl. & Pr., p 1064, note 1, citing *Funderbunk* v. *Smith,* 74 Ga., 515; *Barron* v. *Pagles,* 6 Ala., 422; *Knapp* v. *Knapp,* 134 Mass., 353; *Tindall* v. *Carson,* 16 N. J. L., 94, and others.

*Fitzgerald, Maynard & Fitzgerald,* for appellee.

No rule of law is better settled than the one that an action of debt is maintainable on a judgment of a court of record. Under the common law when no execution has been issued on a judgment for a year and a day, the judgment creditor may resort to *"scire facias,"* or an ordinary suit within twenty years. The remedy is cumulative. 18 Ala., 519; 4 Conn., 403; *Fiels* v. *Sims,* 11 South. Rep., 763; 92 Am. Dec., 410; 46 Ill., 374; 10 Iowa, 377-591. This action of debt upon a domestic judgment is also a statutory remedy in our state. See § § 2743, 2750, Code 1892. It is the only remedy to keep a judgment perpetually alive; for a *"scire facias"* is not a new judgment, and no *scire facias* can be issued to revive a judgment upon a former order to revive, but must be issued upon the original judgment within seven years from the date thereof. It is only by this action of debt that our judgment obtained in 1895 could be again revived. A writ of *scire facias* is not an action, and was not the remedy meant by § § 2743, 2750, Code 1892. *Pollard* v. *Eckford,* 50 Miss., 631.

TRULY, J., delivered the opinion of the court.

This action is based on a domestic judgment, and, being in amount within the jurisdiction of a justice of the peace, was properly brought in the district where the defendant resided. §§ 2395, 2737, Code 1892. The position assumed by counsel for appellant, that, because this was a suit to renew a judgment, jurisdiction was vested exclusively in the court in which the judgment was originally rendered, is unsound.

The certified copy of the judgment roll was properly admitted in evidence. Ch. 101, p. 108, Acts 1896. Judgments rendered by justices of the peace may be enrolled in any county in this state upon compliance with § 2413, Code 1892. The testimony amply supports the finding of the trial judge, that this suit was instituted within seven years next after the rendition of the judgment on which it is founded.

*Affirmed.*