CITY OF WORCESTER *vs.* PARK CONSTRUCTION CO., INC. (and a companion case[1]). April 5, 1972. These appeals by the city of Worcester (Worcester) are from a final decree of the Superior Court dismissing Worcester's bill in equity for injunctive relief restraining arbitration proceedings concerning claims for extras by Park Construction Co., Inc. (Park) against Worcester; and from what was in effect an order of the Superior Court allowing a petition for confirmation of an arbitration award in favor of Park and for judgment thereon. In May of 1958, Park entered into a contract with Worcester to make certain alterations and additions to the Worcester City Hospital. The contract provided that all disputes between the parties in connection with the contract "shall be submitted to arbitration." A dispute arose over a claim for extras by Park for additional heating and ventilating work ($31,755.24) and plastering work ($15,021.89). In December, 1961, Park demanded arbitration for the heating and ventilating claim and in February of 1962 for the plastering claim. Park selected its heating claim arbitrator in January, 1962, and its plastering claim arbitrator in February, 1962. No useful purpose would be served in describing the delays in the appointment of arbitrators and the long series of correspondence, claims and counterclaims concerning the delays. Worcester finally appointed its arbitrators for both claims in October, 1967. At this time, one of Park's arbitrators became ill and a new arbitrator was not appointed in his place until June 10, 1969. During this entire time, the named arbitrators did not appoint the third arbitrator in accordance with the arbitration agreement. On July 9, 1969, Worcester refused to continue under the arbitration agreement claiming that the statute of limitations had run. Finally, on October 2, 1969, the parties being unable to reach any agreement, Park filed a demand for arbitration with the American Arbitration Association invoking the provisions in the arbitration agreement. The arbitration hearings proceeded to the award in favor of Park. A review of the entire record reveals no error. The demand for arbitration was made seasonably under the terms of the contract. The statute of limitations has no application in this case. *World Brilliance Corp.* v. *Bethlehem Steel Co.* 342 F. 2d 362 (2d Cir.). The American Arbitration Association's proceedings were an implementation of the demand for arbitration by Park approximately eight years before. Worcester's appeal in connection with the arbitration award is entirely without merit.

> *Final decree dismissing the*
> *bill in equity affirmed.*
> *Order allowing the petition*
> *for confirmation of the award*
> *and for judgment thereon affirmed.*

*Andrew F. McCarthy*, Assistant City Solicitor, for the City of Worcester.

*Sally A. Corwin (Joseph M. Corwin* with her) for Park Construction Co., Inc.