■ CHRISTY A. MARILLO, Respondent, v SHEARSON HAYDEN STONE, INC., Now Known as SHEARSON LEHMAN BROTHERS, INC., et al., Appellants.—Order unanimously reversed on the law without costs and motion denied. Memorandum: Plaintiff brought an action in 1978 alleging that defendants had converted her securities. The customer's agreement signed by plaintiff provided that disputes between the parties should be settled by arbitration. Defendants moved to compel arbitration and, by order entered December 17, 1979, Supreme Court dismissed the action and ordered that the matter be resolved pursuant to the arbitration provisions of the customer's agreement.

Neither party initiated arbitration proceedings and, instead, in June 1981 plaintiff brought an action in Federal court for the same relief sought in the State court action. The Federal court, upon the principles of res judicata, dismissed the action.

No further proceedings were brought until September 1988 when plaintiff made this motion to compel defendants to arbitrate. Defendants opposed the motion upon the ground that arbitration was barred by the Statute of Limitations. Supreme Court granted plaintiff's motion and ordered that defendants be compelled to arbitrate. We reverse. A motion to compel arbitration may not be granted where the claim sought to be arbitrated is barred by limitation of time (CPLR 7502 [b]). It is for the court to determine whether the claim, and therefore the arbitration, is barred by the Statute of Limitations *(Matter of Paver & Wildfoerster [Catholic High School Assn.],* 38 NY2d 669, 674). As conceded by plaintiff, the cause of action accrued no later than August 1978 when the State court action was commenced. Plaintiff had not com-

menced arbitration procedures when this motion was made more than 10 years after the accrual of her claim and, therefore, regardless of the theory of the claim, it is time barred. The tolling provision of CPLR 205 (a) does not aid plaintiff. That section permits a party to recommence an action or proceeding within six months after it has been dismissed other than on the merits or for failure to prosecute. The Federal action was dismissed on the merits and the arbitration procedures were not commenced within six months after the dismissal of either the State or Federal actions.

Plaintiff contends that under the prior order compelling arbitration, it was incumbent upon defendants to initiate arbitration procedures and thus she should not be penalized for defendants' neglect. As Professor Siegel notes, however, the granting of a motion to compel arbitration merely precludes the aggrieved plaintiff from proceeding with his action; it does not require the defendant to institute arbitration procedures. If the party with a grievance "does not voluntarily turn now to the arbitral process he will find himself with no remedy at all" (Siegel, NY Prac § 592, at 845). As the party who claimed to be aggrieved by defendants' action in converting her securities, plaintiff was the party required to initiate the arbitration procedures (see, Adelphi Enters. v Mirpa, Inc., 33 AD2d 1019). Because she has failed to do so within the period of the Statute of Limitations, her claim is now time barred. (Appeal from order of Supreme Court, Erie County, Flaherty, J.—compel arbitration.) Present—Callahan, J. P., Denman, Boomer, Balio and Lowery, JJ.