## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-CA-02030-SCT

*EDGAR C. LLOYD*

*v.*

*BANK OF THE SOUTH AND BILLY BOYKIN*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/23/1999 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT WARREN MOAK |
| ATTORNEY FOR APPELLEE: | JOHN DENVER FIKE |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 7/26/2001 |
| MOTION FOR REHEARING FILED: | 8/24/2001; denied 10/18/2001 |
| MANDATE ISSUED: | 10/25/2001 |

**BEFORE BANKS, P.J., SMITH AND MILLS, JJ.**

**BANKS, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Here we confront whether Miss. Code Ann. § 15-1-43 (1995) requires that judgments of any court of record of this state be renewed in the court of venue or the court of original judgment. The Hinds County Circuit Court twice renewed a 1985 judgment originally entered by the Chancery Court of Copiah County against Edgar C. Lloyd, who now challenges that court's jurisdiction to do so. Concluding that either court may renew the judgment, we affirm the judgment of the circuit court.

## I.

¶2. On July 16, 1985, the Chancery Court of Copiah County issued an order granting a money judgment to the Bank of the South ("Bank"), arising from the foreclosure sale of property, against Edgar C. Lloyd. The judgment awarded the Bank a money judgment of $38, 566.72 with interest at the rate of 17% per annum. Lloyd did not appeal this judgment.

¶3. Seven years later, in August of 1992, the Bank filed a complaint and obtained a default judgment in the Circuit Court of Hinds County. In August of 1999, another seven years later, the Bank assigned its rights to the money judgment to Billy Boykin ("Boykin"), who in turn, filed a Complaint to Renew the Judgment against Lloyd in the Circuit Court of Hinds County. The current amount of the judgment is $ 485,168.38, plus interest at 17% per annum until paid.

¶4. In response to the complaint, Lloyd submitted a pro se answer questioning whether the Hinds County Circuit Court had subject matter jurisdiction to renew the judgment. After retaining counsel, Lloyd later filed a motion to dismiss arguing that the court did not have subject matter jurisdiction and that the renewal was

barred by the seven-year statute of limitations.

¶5. After a hearing on the matter, the Hinds County Circuit Court renewed the judgment, finding that it had jurisdiction over the parties and the subject matter and concluding that because no appeal was taken by Lloyd from the default judgment of August 1992, nor a challenge made of the court's jurisdiction to render judgment at that time, Lloyd waived any rights to challenge the judgment "at this late date." Aggrieved by the court's judgment, Lloyd appeals.

## II.

¶6. Jurisdictional questions are subject to de novo review. *Sorrells v. R & R Custom Coach Works, Inc.*, 636 So.2d 668, 670 (Miss. 1994). In making this determination, this Court is in the same position as the trial court. Since all facts are set out in the pleadings and exhibits, the trial court may be reversed if it committed error, whether manifest or not. *McDaniel v. Ritter*, 556 So.2d 303, 308 (Miss. 1989).

¶7. This judgment is over fourteen years old. Originally entered in 1985, Lloyd asks this Court to have that judgment stricken because it was not renewed in the Copiah County Chancery Court in 1992, within the statute of limitations. Miss. Code Ann. § 15-1-43 (1995). The circuit court found that because Lloyd failed to contest the power of the Hinds County Circuit Court to act in 1992, he waived jurisdiction. We agree.

¶8. Miss. Code Ann. § 15-1-43 (1995) provides that "all actions founded on any judgment or decree rendered by any court of record of this state, shall be brought within seven years next after the rendition of such judgment or decree, and not after. . . ." It does not, however, as other state statutes do, direct where renewal judgments must be filed.[1]

¶9. Lloyd's contention that the Hinds County Circuit court's renewal was improper because it lacked jurisdiction is predicated upon this Court's holding in *Deposit Guar. Nat. Bank v. Biglane*, 427 So. 2d 945, 951 (Miss. 1983). There, we said, that "a suit to renew or revive a judgment must be brought in the court where the original judgment was obtained." *Id.* at 951. In *Biglane,* Deposit Guaranty National Bank (DGNB) obtained a consent judgment from John Roberts in January of 1971 in the Circuit Court of Lincoln County. In March of the same year, DGNB filed a separate suit against Roberts in the Chancery Court of Jefferson County to set aside fraudulent conveyances. *Id.* at 952. In January of 1978, DGNB filed suit in the Circuit Court of Lincoln County to renew the 1971 judgment against Roberts. Confusion arose, however, as to whether process was ever issued, and the case was dismissed by the Lincoln County Circuit court as a stale case. *Id.* at 949. It was later reinstated on the docket and pending at the time of appeal.

¶10. DGNB argued that the suit filed in the Chancery Court of Jefferson County on the related matter had the "effect" of renewing the judgment rendered by the Lincoln County Circuit Court and in the alternative, that it was entitled to renewal because it filed a declaration to renew within the statute of limitations in 1978. *Id.* at 951. We remanded the case until a final judgment was rendered regarding the renewal pending in the Lincoln County Circuit Court, but rejected DGNB's argument that it had in effect renewed the judgment in the Jefferson County Chancery Court. It was the finding of the Court that the only court vested with the power to renew was Lincoln County because a suit to renew or revive a judgment must be brought in the court where the original judgment was obtained, citing 49 C.J.S. *Judgments* § 541 (1979).[2]

¶11. As in *Biglane*, Lloyd argues because the Copiah County Chancery Court issued the original judgment, it is the only court with "subject matter" jurisdiction to renew the judgment. He is mistaken. It is

well-settled that absent the exclusive jurisdiction granted to chancery courts, circuit courts have the authority to hear and adjudge all matters civil not vested in some other court. *Dye v. State ex rel. Hale*, 507 So.2d 332, 337 (Miss. 1987). If any jurisdiction was improper, therefore, it was not subject matter. *Duval v. Duval,* 224 Miss. 546, 552, 80 So. 2d 752, 754 (1955). We have, however, the "unfortunate habit of using the term jurisdictional when referring to functionally different requisites to suit, matters of pleading and practice. Whether the label is apt, however, we need not decide. What is important is that matters of this sort may aid a party only if timely raised or noticed by the Court. *In re R.M.P.C.*, 512 So. 2d 702, 706 (Miss. 1987).

¶12. Boykin insists *Biglane* does not advocate that all judgment renewals be brought only in the courts of original judgment, but was simply stating that because Roberts resided in Lincoln County, then only in Lincoln County could actions to renew be brought. The lower court was thus correct to renew here, Boykin argues, because Lloyd resided in Hinds County seven years after the judgment, as indicated in the 1992 complaint. The issue, therefore, goes not to which court contains inherent power to hear the matter, but to where the defendant resides at the time of renewal. Boykin is partially correct.

¶13. There is no language in *Biglane* that the defendant's residence was the basis for the Court's decision, nor any mention that Roberts actually resided in the county where the original judgment was entered. Additionally, because there has been no evidentiary hearing on the issue, the record reflects only the allegation in the complaint that Lloyd was a resident of Hinds County in 1992. What remains unclear, however, is the Court's rationale behind the proposition in *Biglane* that the court of original judgment had exclusive jurisdiction, particularly in light of the Court's failure to reference a contrary authority, *Wise v. Keer Thread Co.,* 84 Miss. 200, 36 So. 244 (1904), which predated the *Biglane* decision.

¶14. In *Wise,* this Court held that Lloyd's very argument that the jurisdiction to renew a judgment is vested exclusively in the court in which the judgment was originally rendered, is unsound. In that case, the plaintiff brought suit against the defendant in Coahoma County before the Mayor of Jonestown and obtained a judgment. The judgment was never satisfied, and in 1885 it was renewed before the Mayor. Afterwards, the defendant moved to District No. 3 of the same county, and the plaintiff then brought a suit against the defendant to renew the judgment in the justice of the peace court in District No. 3. The defendant moved to dismiss the cause, presenting the same argument that Lloyd argues here, that the court had no jurisdiction to proceed because the judgment sought to be revived had been rendered by another court. *Id.* The *Wise* Court, however, relying upon the state's venue statute for justice courts,[(3)] ruled that the suit was properly brought in the district where the defendant resided.

¶15. *Wise* and *Biglane* clearly are inapposite. Both, however, find support in the law. *Wise,* for example, is consistent with the modern view as expressed in the [Mississippi Rules of Civil Procedure](#) and the renewal statutes of other states which direct where judgments must be filed. *Biglane*, however, is not without support in other jurisdictions, especially in older cases. *Griffin v. Spence*, 69 Ala. 393 (1881), for example, holds that a proceeding to renew or revive a judgment should be brought in the court which rendered it, even though some of the defendants live in another county. Reasoning where *Biglane* did not, that:

> A decree remains of record in the court rendering it, having full jurisdiction to revive and carry it into execution, whenever the jurisdiction is invoked by a proper party, and the ends of justice may require it. The whole purpose of a bill to revive and enforce a decree, is auxiliary and supplemental. It is the

completion of the execution of the decree, and if the bill to revive and carry it into execution were entertained in any other court than that in which the decree was rendered, the unity of the proceedings would be destroyed.

*Id*. at 398. *See also Carnes v. Crandall*, 4 Iowa (4 Clarke) 151 (1857); *Rodgers v. Smith* 58 P.2d 1092 (Kan. 1936) (holding that a district court which rendered judgment had jurisdiction of reviver proceeding irrespective of pendency elsewhere of any incidental proceedings relative thereto."); *Chapman v. Nelson*, 31 La.Ann. 341 (1879); *Watt v. Hendry*, 23 La.Ann. 594 (1871); *Taylor v. Bonte*, 5 Ohio Dec. Rep. 137 (Ohio Super. Ct. 1874); *Perkins v. Hume*, 10 Tex. 50 (1853) (to revive a judgment, where no new party is sought to be charged, and no relief, other than a simple revival, is prayed, "it is not an original suit, but a continuation of the former one, which may be instituted in the county where the judgment remains of record without regard to the residence of the defendant."); *Carey v. Sheets*, 218 S.W. 2d 881 (Tex. Civ. App. 1949) (venue in a scire facias[(4)] proceeding to revive a judgment is properly laid in the county where the judgment was rendered, regardless of the residence of any of the parties to the judgment because a scire facias proceeding for the revival of a judgment does not constitute a new suit but is merely a continuation of the original suit in which the judgment was rendered).

¶16. *Biglane*, thus was based implicitly on the view that scire facias actions must be renewed in the county where the judgment was rendered. Actions formerly designated as writs of scire facias, however, may now be brought as a motion or an action. Miss. R. Civ. P. 81(e). It is only logical to conclude that, if brought as a motion, it should and can only be brought in the action where the judgment was rendered. If however, a separate action is brought, it may be brought wherever venue is proper, including, where the defendant resides. Miss. Code Ann. § 11-11-3 (2000).[(5)]

¶17. What must not be overlooked is that nowhere in Miss. Code Ann. § 15-1-43 (1995) governing the renewal of judgments does the statute mandate whether they must be brought within the court of original judgment or whether they should be brought by motion or action. We therefore hereby reconcile the competing precedents of *Biglane* and *Wise* by holding that renewal judgments may be sought by motion in the court where the judgment was originally rendered, or by a separate action wherever venue is proper, including where the defendant resides.

¶18. Here, we are unable to determine from the record whether Lloyd was a resident of Hinds County in 1992 when the first renewal judgment was brought. Lloyd, however, did not challenge in 1992, nor does he now, that Hinds County was his place of residence at that time. As a matter of venue, not subject matter jurisdiction, his right to therefore challenge the circuit court's authority is waived pursuant to Miss. R. Civ. P. 12(h)(1) (a defendant waives any objections to lack of jurisdiction over the person, improper venue, insufficiency of process or service if not made by motion or answer filed with the time allowed in Rule 12(a), thirty days or any extension thereof). *See also Wofford v. Cities Serv. Oil Co.*, 236 So. 2d 743, 744 (Miss. 1970) (Questions of venue are waived where a party makes no objection to the jurisdiction of the courts and files no application for a change of venue). Lloyd therefore remains subject to the current amount of the judgment, $485,168.38, plus interest at 17% per annum until paid.

### III.

¶19. For these reasons, the judgment of the circuit court is affirmed.

¶20. **AFFIRMED.**

**McRAE, P.J., SMITH, MILLS, WALLER, COBB, DIAZ AND EASLEY, JJ., CONCUR. PITTMAN, C.J., NOT PARTICIPATING.**

1. There are state statutes which address which court is the proper court to revive a judgment. Nevada, for example, provides that a judgment is renewed by filing an affidavit with the clerk of court where the judgment is entered and docketed. Nev. Rev. Stat. § 17.214 (1999). While Georgia, on the other hand, mandates that an "action to renew a dormant judgment shall be brought in the county where the defendant in judgment resides at the commencement of the action." Ga. Code Ann. § 9-12-66 (2000). Arizona's renewal statutes provide that a judgment may be renewed by action "at any time within five years after the date of the judgment" Ariz. Rev. Stat. § 12-1611 (2000), or a judgment may be renewed by affidavit, "in the civil docket or civil order book of the United States District Court or superior court, whether originally rendered by it or entered upon a transcript of judgment from another court, or recorded with the county recorder, may be renewed by filing an affidavit for renewal with the clerk of the proper court." *Id*. § 12-1612. Unlike these statutes, Mississippi's only statute referring to revival of judgments speaks only to the period of limitations.

2. The updated citation is 50 C.J.S. *Judgments* § 648 (1997).

3. Under Miss. Code 1892, § 2395, in actions before justices of the peace, every freeholder or householder shall be sued in the district in which he resides.

4. Scire facias is a judicial writ, founded upon some matter of record, such as a judgment or recognizance and requiring the person against whom it is brought to show cause why the party bringing it should not have advantage of such record, or (in the case of a scire facias to repeal letters patent) why the record should not be annulled and vacated. The name is used to designate both the writ and the whole proceeding. *City of St. Louis v. Miller*, 145 S.W.2d 504, 505 (Mo. Ct. App. 1940).

5. Miss. Code Ann. § 11-11-3 (1995) provides:

> Civil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant or any of them may be found or in the county where the cause of action may occur or accrue and, if the defendant is a domestic corporation, in the county in which said corporation is domiciled or in the county where the cause of action may occur or accrue, except where otherwise provided, and except actions of trespass on land, ejectment and actions for the statutory penalty for cutting and boxing trees and firing woods and actions for the actual value of trees cut which shall be brought in the county where the land or some part thereof is situated. If a civil action is brought in an improper county, such action may be transferred to the proper county pursuant to section 11-11-17.