GRIFFIS, J.,
for the Court.
■ ¶ 1. Jeffrey and Donna Haycraft filed an application for arbitration pursuant to Mississippi Code Annotated Section 11-15-105 (Rev.2004). Hinds County Circuit Court Judge Bobby Delaughter denied the application as barred under the three year general statute of limitations and by equitable estoppel. On appeal, the Haycrafts argue that the trial court erred: (1) because the *1119 seven year statute of limitations was applicable, (2) in calculating the commencement of the statute of limitations, and (3) in applying equitable principles to bar their motion to enforce the arbitration order. We find no error and affirm.
FACTS
¶ 2. In 1986, Mid-State Construction Company was the general contractor that built St. Andrew’s Episcopal School in Ridgeland. Mid-State entered into a subcontract with Jericho Roofing Company, which was owned by the Haycrafts,[1] to install a copper roof.
¶ 3. According to the construction plans, another subcontractor had to install the roof sub-deck before Jericho could install the roof. Problems arose when Jericho came onto the project to install the copper roof over the sub-deck. Jericho experienced many problems during the actual installation. Mid-State terminated Jericho’s contract, and the roof was eventually installed by another subcontractor.
¶ 4. Shortly thereafter, the legal proceedings began. Mid-State sued Jericho and its bonding company. In January 1994, the Haycrafts filed suit in the Circuit Court of Hinds County against Mid-State, the architect, and the sub-deck subcontractor. Mid-State filed a motion to dismiss the case. According to the record before us,[2] the subcontract gave Mid-State the exclusive right to elect arbitration to resolve all claims and disputed. Apparently, Mid-State did not seek arbitration in the lawsuit that it filed, but did choose to exercise its right of arbitration in the lawsuit filed by the Haycrafts.
¶ 5. On August 22, 2001, the Haycrafts filed an application for arbitration. The application attached a copy of Circuit Judge Breland Hilburn’s order, dated August 24, 1994, and asked the court to enter “an order mandating arbitration.”
¶ 6. The Haycrafts claim that “Mid-State never initiated the arbitration it demanded, and the Haycrafts lawsuit against the remaining defendants proceeded to a slow conclusion due to bankruptcy of certain defendants.” ■ The Haycrafts repeatedly describe their application as a “motion to enforce/renew the order requiring arbitration of the Mid-State portion of the dispute.” Mid-State claims that the application was the first communication it had received from the Haycrafts regarding arbitration.
¶ 7. Mid-State filed its objection to the application on December 7, 2001. Judge Hilburn took the application under advisement and did not rule on it prior to leaving office. A hearing was held before Judge Delaughter on July 18, 2003. Judge De-laughter denied the application, and an order was entered. The Haycrafts appeal this order.
STATEMENT OF THE ISSUES
¶ 8. The Haycrafts present the following issues, quoted verbatim:
*1120 1. The trial court erroneously relied upon the three-year limitations period of Miss.Code Ann. § 15-1-49 to bar Haycraft’s request to enforce/renew a previous court decree mandating arbitration. The correct statute, Miss.Code Ann. § 15-1-43, provides that a court decree is good and enforceable for seven years and may be renewed. Haycraft’s motion to enforce/renew the prior court order mandating arbitration was timely submitted.
2. Alternatively, the trial court erroneously held that the [Haycrafts’] request to enforce/renew the prior court order was time-barred. The trial court’s error resulted from an improper assessment of when the “cause of action”, accrued. Hay-craft’s “cause of action” did not accrue until Mid-State formally refused to arbitrate in 2001. Hay-craft’s request to enforce arbitration was timely submitted.
3. The trial court erroneously applied applicable principles to dismiss Hay-craft’s request to enforce/renew the previous court order mandating arbitration.
STANDARD OF REVIEW
¶ 9. The question of which statute of limitations to apply is a legal question and, as such, is reviewed de novo. Stephens v. Equitable Life Assurance Soc’y of U.S., 850 So.2d 78, 82(¶ 10) (Miss.2003). Factual findings regarding equitable estoppel are upheld when “supported by credible evidence or reasonable inferences which may be drawn” therefrom. Nicholas v. Nicholas, 841 So.2d 1208, 1213(¶ 15) (Miss.Ct.App.2003) (quoting Knight v. McCain, 531 So.2d 590, 597 (Miss.1988)).
ANALYSIS

I. Which statute of limitations applies to the Haycrafts’ application for arbitration?

¶ 10. The Haycrafts argue that the trial court should have applied the seven year statute of limitations, codified in Section 15-1-43 of the Mississippi Code Annotated (Rev.2003). Mid-State argues that Section 15-1-43 was not applicable. Instead, Mid-State argues that Judge Delaughter was correct to apply the general three year statute of limitations, codified in Section 15-1-49(1) of the Mississippi Code Annotated (Rev.2003).
¶'11. In the original action, Mid-State sought to enforce the arbitration clause of the subcontract. Paragraph 10.16 of the subcontract read:
All claims, disputes and other matters in question arising exclusively between the Subcontractor and Contractor and not involving the Owner ... and not arising out of the interpretation of the Contract ... shall at the option of the Contractor be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining.
Mid-State filed a motion to dismiss or alternatively to stay pending arbitration. By Order, dated August 24, 1994, Judge Hilburn held “that the Plaintiffs claims for relief in this cause which relate to the separate Defendant, Mid-State Construction Company, should be and hereby are dismissed without prejudice to the rights of the parties and said claims shall be submitted to arbitration in accordance with the provisions of Miss.Code Ann. § 11 — 15— 101 et séq.”
¶ 12. The Haycrafts now argue that this “decree ... which mandated arbitration, was nothing more than a decree or judgment within the meaning of Miss.Code *1121 Ann. § 15-1-43.” Section 15-1-43 of the Mississippi Code Annotated provides that:
All actions founded on any judgment or decree rendered by any court of record in this state, shall be brought within seven years next after the rendition of such judgment or decree, and not after, and an execution shall not issue on any judgment or decree after seven years from the date of the judgment or decree.
Hence, the Haycrafts now argue that the August 24, 1994 order of dismissal was a “judgment or decree” that they could execute upon, and they had seven years to execute on it.
¶ 13. From the record before us, the August 24, 1994 order of dismissal without prejudice was simply that, an order of dismissal. The trial court simply interpreted the contractual provision and determined that it did not have jurisdiction to entertain the legal claims based on the parties’ contractual agreement. Indeed, the Haycrafts and Mid-State agreed that Mid-State had the right to determine whether to arbitrate or litigate. Mid-State chose to arbitrate and filed its motion to dismiss. The court agreed and dismissed the case, stating that arbitration was the method or vehicle for the resolution of their dispute.
¶ 14. The Haycrafts argue that Mid-State had to initiate the arbitration proceeding, implying that they could not do so. Yet, the Haycrafts cite no authority for this claim. To the contrary, Mississippi Code Annotated Section 11-15-107 (Rev.2004) provides:
“If an agreement or provision for arbitration provides a method for the initiation of arbitration, such method shall be followed. In the absence thereof, the party desiring to initiate the arbitration shall, within the time specified by the contract, if any, file with the other party a notice of an intention to arbitrate.... ”
The arbitration provision gave Mid-State the right to determine whether to use arbitration but did not prevent the Haycrafts from initiating the arbitration. Under Section 11-15-107, the Haycrafts could have initiated the arbitration proceeding immediately after the August 24, 1994 order was entered by the court. The record does not contain a copy of the Construction Industry Arbitration Rules of the American Arbitration Association, which were referred to in the arbitration provision. This notwithstanding, the Haycrafts point us to no language in a contract, statute or rule, before this Court, that would support a conclusion that Mid-State was required to initiate the arbitration. If indeed there was such language, the provision was breached within a reasonable period after August 24, 1994 when Mid-State did not initiate the arbitration.
¶ 15. In their brief, the Haycrafts seem to define their status as that of a judgment creditor. As such, they claim that the August 24,1994 order of dismissal “was nothing more than a decree or a judgment within the meaning of Miss.Code Ann. § 15-1-43.” The Haycrafts are simply not judgment creditors. They rely here on an order of dismissal, not a declaratory judgment nor a final judgment that gave them any affirmative relief upon which they may execute. The Haycrafts do not explain how an order of dismissal becomes a “decree or judgment” upon which they are entitled to execute.
¶ 16. The Haycrafts argument on this issue is a little over a page. The Haycrafts cite two cases, Lloyd v. Bank of the South, 796 So.2d 985 (Miss.2001) and Rubisoff v. Rubisoff, 242 Miss. 225, 133 So.2d 534 (1961). Neither case is instructive here.
¶ 17. Lloyd is cited for the proposition that “[t]his court has recognized that filing *1122 a motion is an acceptable manner to enforce/renew a court decree under Miss. Code Ann. § 15-1-43.” In Lloyd, Bank of the South had previously obtained a money judgment in the original amount of $38,599.72. Lloyd, 796 So.2d at 986-87. The bank assigned its rights in the judgment to Billy Boykin, who sought to renew the judgment for another seven years. Id. at 987. The question presented was whether venue was proper in a county where the debtor lived, as opposed to the county where the 'judgment was originally obtained. Id. The court determined that the debtor waived a jurisdictional issue, because it failed to contest the issue when the judgment was previously renewed. Id. There is no legal argument from Lloyd that offers any guidance in this case.
¶ 18. Rubisoff is cited by the Haycrafts for the proposition that “Mississippi has long recognized that a wide variety of court judgments and decrees are enforceable for up to seven years” under Section 15-1-43. The Haycrafts argue that Rubi-soff is an example because it was “a decree in a domestic matter awarding alimony [that] was enforceable under [Section 15-1^13] for up to seven years.” Rubisoff offers no guidance in this case.
¶ 19. We find that the seven year limitations period of Section 15-1-43 was not applicable here. Indeed, the trial court was correct to apply the three year statute of limitations of Section 15-1-49 of the Mississippi Code Annotated.

II. When did the limitations period begin to 'run?

¶ 20. In the alternative, the Haycrafts argue that the trial court miscalculated the limitations period. Judge Delaughter applied section 15-1-49(1) and determined that August 24, 1994, the date of the order of dismissal, 'was the date that the limitations period began to run. Thus, Judge Delaughter found that the limitations period expired on August 23, 1997. The Hay-crafts claim that the limitations period began to run on December 7, 2001, the date on which Mid-State filed its objection to the Haycrafts’ application for arbitration, the day that the Haycrafts assert was the date Mid-State formally refused to arbitrate.
¶ 21. The general three year statute of limitations begins to run from the time the cause of action accrues. Miss.Code Ann. § 15-1-49 (Rev.2003). Some courts hold that the cause of action to compel arbitration does not accrue until the plaintiff requests arbitration and the defendant refuses to comply. The Haycrafts cite Mitchell v. Alfred Hofmann, Inc., 48 N.J.Super. 396, 137 A.2d 569, 574 (App.Div.1958). This case is distinguishable from the present case.
¶ 22. In Mitchell, the parties commenced the arbitration but had to adjourn before the hearing concluded. Id. at 571. The New Jersey court found that “the defendants by their conduct and acts acquiesced in most of the delay. Both parties were dilatory.” Id. In addition, the court found that there was no showing of prejudice. Id. at 573. Here, the Hay-crafts attempt to shift the responsibility to initiate the arbitration to Mid-State. There are no facts or law presented that would lead us to believe that Mid-State participated in or agreed to the delay. Mid-State presented an affidavit that outlined the prejudice that it would suffer if this case was allowed to proceed. Mid-State claimed prejudice, because its project manager died in 2001, it no longer knew where the project files were located, and both the decking material supplier and manufacturer went out of business several years earlier. The Haycrafts did not rebut this evidence.
*1123 ¶23. The Haycrafts also cite City of Worcester v. Park Constr. Co., 361 Mass. 879, 281 N.E.2d 600 (1972). In City of Worcester, the arbitration was delayed because the city failed to timely select its arbitrators, and the court found that the demand for arbitration was initiated within the time set by the contract and thus the statute of limitations had no application. Id. at 601. Neither of these cases offer us any guidance.
¶ 24. As discussed in the previous section, Mississippi Code Annotated Section 11-15-107 gave the Haycrafts the right to initiate arbitration. Indeed, there was nothing that prevented the Haycrafts from filing their application for arbitration within three years after the order of dismissal was entered on April 24,1994.
¶ 25. Mid-State cites Marillo v. Shearson Hayden Stone, Inc., 159 A.D.2d 1012, 552 N.Y.S.2d 730 (1990). In Marillo, the issues were similar to this case. The plaintiff commenced a securities conversion action in 1978. Id. The defendants moved to compel arbitration under the parties’ contract. Id. The court ordered arbitration in 1979. Id. Neither party initiated arbitration. Id. In 1981, the plaintiff filed a federal court action that asserted the same claim. Id. The federal court dismissed the case. Id. In 1988, the plaintiffs filed a motion to compel arbitration with the state court, and the defendants raised the statute of limitations as a defense. Id. The trial court granted the motion. The appellate court reversed and held that a “motion to compel arbitration may not be granted where the claim sought to be arbitrated is barred by limitation of time.” Id. The court reasoned that:
Plaintiff contends that under the prior order compelling arbitration, it was incumbent upon defendants to initiate arbitration procedures and thus she should not be penalized for defendants’ neglect. As Professor Siegel notes, however, the granting of a motion to compel arbitration merely precludes the aggrieved plaintiff from proceeding with his action; it does not require the defendant to institute arbitration procedures. If the party with a grievance “does not voluntarily turn now to the arbitral process he will find himself with no remedy at all” [Citation omitted]. As the party who claimed to be aggrieved by defendants’ action in converting her securities, plaintiff was the party required to initiate the arbitration procedures [Citation omitted]. Because she has failed to do so within the period of the Statute of Limitations, her claim is now time barred.
Id. at 732. We agree.
¶ 26. We find the applicable three year limitations period began to run from August 24, 1994. Because the application for arbitration was not filed until August 22, 2001, the Haycrafts’ claims were time-barred. We affirm the lower court on this issue.

III. Did the trial court err in applying equitable estoppel to bar the Hay-crafts’ application for arbitration?

¶ 27. Because we find that the trial court correctly applied the statute of limitations, there is no reason or us to discuss the applicability of the doctrine of equitable estoppel to bar the Haycrafts’ claim. Any such error would be harmless.
CONCLUSION
¶ 28. We affirm the trial court and hold that the Haycrafts’ action to compel arbitration is time-barred.
¶ 29. THE ORDER OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS *1124 APPEAL ARE ASSESSED TO APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, CHANDLER, BARNES AND ISHEE, JJ., CONCUR. IRVING, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.

. This litigation is filed in the names of the Haycrafts as individuals. There is no explanation as to whether Jericho was a separate legal entity, and there is no argument that the Haycrafts are not the proper parties to this litigation. For this opinion, we consider the Haycrafts and Jericho to be one and the same.

. The record before us is brief. It contains few pleadings prior to 2000. The transcript consists of sixteen pages from the attorneys’ argument at the hearing held before Judge Bobby B. Delaughter on July 18, 2003. No evidence was offered or admitted at this hearing. The record contains pleadings that were filed in the case beginning in January of 2000. Attached to the Appellants' brief is a one page copy of what appears to be one page of the subcontract, which appears to contain the arbitration clause.