# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CA-00943-COA

**KENNETH COLEMAN**                                               **APPELLANT**

**v.**

**STAN KING CHEVROLET, INC., DAN**                 **APPELLEES**
**McKINLEY AND JESSIE BOWMAN**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/18/2022 |
| TRIAL JUDGE: | HON. DAVID H. STRONG JR. |
| COURT FROM WHICH APPEALED: | LINCOLN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CARROLL RHODES |
| ATTORNEY FOR APPELLEES: | BRAD RUSSELL BOERNER |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND RENDERED - 01/09/2024 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**BARNES, C.J., FOR THE COURT:**

¶1. This appeal concerns the Lincoln County Circuit Court's dismissal of Kenneth Coleman's motion to compel arbitration under Mississippi Rule of Civil Procedure 60(b) on the basis that the statute of limitations had run on Coleman's claims. Concluding that the circuit court erred in dismissing Coleman's motion, we reverse and render judgment. We order the circuit court to restore the case to the court's docket and stay the proceedings until arbitration has been conducted and completed.

## FACTS AND PROCEDURAL HISTORY

¶2. On July 3, 2019, Kenneth Coleman filed a complaint in the Lincoln County Circuit Court against Stan King Chevrolet Inc. (Stan King), Dan McKinley, and Jessie Bowman

(collectively "the defendants"),[1] alleging negligence, unlawful conversion, negligent misrepresentation, breach of express warranty, and breach of implied warranty.[2] The complaint alleged that Coleman owned a 2015 Chevrolet Silverado truck he had purchased from Herrin Gear Chevrolet. He bought and installed several accessories for the vehicle, including 20-inch wheels, "mats, full back glass, window shades, bug shield, back cover, bed cover, [and] chrome exhaust tip." In 2017, he went to Herrin Gear to shop for a new truck. Herrin Gear quoted him $36,000 for the trade-in value of his existing truck. He told the salesperson he wanted to keep the purchased accessories and restore the original accessories to the vehicle.

¶3. Because Herrin Gear did not have a new truck in its inventory, Coleman went to Stan King in August 2017 to search for a truck with the style and accessories he wanted. Stan King agreed to find a new truck with the desired style and accessories and told Coleman that the trade-in value for the 2015 Silverado would be $32,000. After the salesman found the truck Coleman wanted, Coleman asked the dealer to match the trade-in value quoted by Herrin Gear. According to Coleman, Stan King eventually agreed to pay Coleman $37,000 as the trade-in value for the 2015 Silverado truck with the truck's original accessories.

---

[1] Coleman had already filed suit against Stan King in the Lincoln County Justice Court, which dismissed the action after a hearing on the merits. This order of dismissal is not contained in the record.

[2] On July 12, 2019, Coleman filed an amended complaint alleging negligence, unlawful conversion, negligent misrepresentation, fraudulent misrepresentation, breach of express warranty, breach of implied warranty, civil fraud, and unlawful forgery.

¶4.    Coleman and Stan King entered into a retail installment contract for $52,612.84 on August 31, 2017, for the purchase of the new 2017 Silverado truck. The contract had an arbitration provision on the back page, which stated:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute) between you or us or our employees, agents, successors or assigns, which arise out of or relate to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by court action.

Although Coleman contends that he was unaware of this provision when he signed the contract, the contract also provided:

> NOTICE TO THE BUYER: 1. Do not sign this contract before you read it or if it contains any blank spaces.
>
> You agree to the terms of this contract and any dispute resolution agreement you signed with this contract. You confirm that before you signed this contract and any dispute resolution agreement, we gave them to you, and you were free to take them and review them. You acknowledge that you have read both sides of this contract, including the arbitration provision on the reverse side before signing below. . . .

Coleman signed the contract on the signature line directly below this language.

¶5.    Because Stan King did not have the floor mats and bug shield at the time the contract was executed, the dealer signed a "WE OWE" form, indicating that Stan King owed Coleman two extra oil changes, the floor mats, window shade, and the bug shield. Coleman alleges that those items were not provided, nor were the 20-inch wheels that he already owned.

3

¶6.     On August 5, 2019, the defendants filed an answer and affirmative defenses (including the statute of limitations), a counterclaim for breach of contract, and a motion to compel arbitration. Specifically, their counterclaim and motion asserted that the installment contract contained an arbitration provision, and they requested that the circuit court "conduct a hearing upon and determine the enforceability of the arbitration agreement, and compel Coleman to participate in arbitration as agreed in the contract." The defendants also moved "for an [o]rder staying this action and enjoining Coleman from proceeding with this matter until . . . any arbitration has been conducted, concluded and confirmed in accordance with the terms of the arbitration agreement."

¶7.     The defendants filed an application to the circuit court clerk for entry of default on December 20, 2019, based on Coleman's failure to plead, answer, or otherwise defend the counterclaim. They also filed a motion to dismiss Coleman's complaint. On December 27, 2019, Coleman's attorney filed a motion to strike the clerk's entry of default,[3] indicating that he had not received the defendants' answer or counterclaim. He also filed a motion for leave to file an out-of-time answer to the defendants' counterclaim, an answer to the counterclaim, and a response to the motion to dismiss. In his proposed answer, Coleman "affirmatively ple[d] that the arbitration clause and agreement contained in the contract were procedurally and substantively unconscionable."

¶8.     Coleman did not notice his motion to strike until almost two years later. A motions

_____

[3] The record does not contain or show a docketed clerk's entry of default.

hearing was held in December 2021, but Coleman's attorney did not make an appearance. The circuit court therefore dismissed Coleman's motion to strike and entered a default judgment against Coleman on December 20, 2021, finding that the defendants were "entitled to the relief sought in their Counter-complaint." The court further held that "in accord with the contract among the parties herein, the proper procedure to address the allegations made herein is arbitration." The next day, Coleman filed a motion for reconsideration but immediately withdrew the motion.

¶9.     Months later, on May 9, 2022, Coleman's attorney mailed a letter to the defendants' counsel, which stated that Coleman "wants to proceed with arbitration." The attorney further asserted in the letter that "the statute of limitations was tolled from July 3, 2019 until December 20, 2021[.]" The defendants responded that they "disagree[d] with [Coleman's] proposal that the statute of limitations is tolled" and that the court's "last Order terminated this matter once and for all."

¶10.    On June 10, 2022, Coleman filed a motion pursuant to Mississippi Rules of Civil Procedure 60(b)(5)-(6) and 70(a).[4] In the motion, Coleman requested that the circuit court "compel the defendants to arbitrate [his] claims, or, alternatively, restore the case to the Court's active docket." At the motions hearing, counsel for the defendants argued that the case was now barred by the statute of limitations.[5]

---

[4] Coleman does not discuss Rule 70(a) or its application to this case on appeal.

[5] The defendants cite *Haycraft v. Mid-State Construction Co.*, 915 So. 2d 1117 (Miss. Ct. App. 2005), in support of their argument that Coleman's claims are barred. In

5

¶11. The circuit court dismissed Coleman's motion to compel on August 8, 2022, holding "that the statute of limitations has run on the claims raised by [Coleman] in his amended complaint." Coleman appeals the circuit court's dismissal of his motion to compel the defendants to arbitrate his claim or, alternatively, to restore the case to the circuit court's active docket.[6]

## DISCUSSION

¶12. As noted, the defendants initially requested in their motion to compel arbitration that the circuit court enter an "[o]rder staying the [a]ction and enjoining Coleman from proceeding with this matter until this [c]ourt has ruled upon the enforceability of the arbitration agreement at issue and any arbitration has been conducted, concluded and

---

*Haycraft*, the circuit court entered an order dismissing the case and compelling arbitration in 1994. *Id*. at 1119-20 (¶¶4-5, 11). However, the Haycrafts failed to initiate arbitration until August 2001 when they filed an "application" for "an order mandating arbitration" in the circuit court, seeking enforcement of the circuit court's prior order. *Id*. at 1119 (¶5). The circuit court denied the application, and this Court affirmed. *Id*. at 1119, 1123 (¶¶7, 28). We held the Haycrafts' "action to compel arbitration [was] time-barred" because the Haycrafts failed to initiate arbitration within three years of the circuit court's original order compelling arbitration. *Id*. at 1123 (¶¶26, 28). We did *not* hold the Haycrafts' underlying claims were barred by the statute of limitations or otherwise address the merits of the Haycrafts' claims. Therefore, our decision in *Haycraft* is inapposite here because Coleman timely filed his complaint and then attempted to initiate arbitration within five months of the circuit court's order compelling arbitration.

[6] Nearly six months passed between the entry of the default judgment and Coleman's notice of appeal. Therefore, our review is limited to whether the court erred in denying Coleman's Rule 60(b) motion. *See Woods v. Victory Marketing LLC*, 111 So. 3d 1234, 1236 (¶8) (Miss. Ct. App. 2013) (noting that "a notice of appeal following the denial of a Rule 60(b) motion to reconsider limits this court's review to whether reconsideration was properly denied under Rule 60(b)").

6

confirmed in accordance with the terms of the arbitration agreement."[7]  In their request for

relief, the defendants further asked that the court "[c]ompel Coleman to participate in . . .

arbitration" and "[d]ismiss this cause of action in favor of binding arbitration, in accordance

with the Contract subject of this matter."

¶13.    Instead of staying the action, however, the circuit court entered a default judgment,

finding that the defendants were "entitled to the relief sought in their [c]ounter-complaint"

and that "in accord with the contract among the parties herein, the proper procedure to

address the allegations made herein is arbitration." Complying with the circuit court's ruling,

Coleman began searching for an arbitrator.  Coleman explains,

> After the trial court dismissed the case ordering the parties to arbitrate, the plaintiff had to find an arbitrator qualified to arbitrate the dispute and get the defendants to agree to the arbitrator selected.  *There was insufficient time for the plaintiff to accomplish this task within the 10 day time period in which to file a Rule 59(b) motion.  The plaintiff did not know that the defendants did not want to arbitrate until it was newly discovered on May 13, 2022.*  A judgment may be set aside under Rule 60(b)(1) for fraud upon the court when a party files a false statement misleading the court.  *See Trim v. Trim*, 33 So. 3d 471 (Miss. 2010) (en banc).  Furthermore, a judgment may be set aside based upon newly discovered evidence. *January v. Barnes*, 621 So. 2d 915 (Miss. 1992) (en banc).  The trial court's judgment dismissing the case and ordering arbitration should be set aside because of the newly discovered evidence that the defendants refused to arbitrate after requesting the court to dismiss the case and compel arbitration.

(Emphasis added).

_____

[7]  *See Century 21 Maselle & Assocs. Inc. v. Smith*, 965 So. 2d 1031, 1037 (¶10) (Miss. 2007) ("[P]arties desiring to seek arbitration should promptly file and present to the trial court a motion to stay proceedings and a motion to compel arbitration.").

¶14. Assuming the defendants had a good-faith intention to arbitrate when filing the motion to compel,[8] they nevertheless pulled a "bait and switch" by insisting that Coleman's claims are now barred by the statute of limitations after the circuit court dismissed the lawsuit. Mississippi Rule of Civil Procedure 60(b)(6) provides that a "court may relieve a party or his legal representative from a final judgment, order, or proceeding for . . . (6) any other reason justifying relief from the judgment." M.R.C.P. 60(b)(6). We find that the defendants' rejection of Coleman's attempt to proceed with arbitration provides justification for granting Coleman relief under Rule 60(b)(6).

¶15. We further find that the circuit court erred in addressing the statute-of-limitations issue. The subject agreement expressly provided, "The arbitrator shall apply governing substantive law and the applicable statute of limitations" and was "governed by the Federal Arbitration Act . . . and not by any state law concerning arbitration." Under the Federal Arbitration Act, an affirmative defense based on the statute of limitations should be addressed by an arbitrator, not the court. *See, e.g.*, *Cooper v. WestEnd Cap. Mgmt. L.L.C.*, 832 F.3d 534, 546 (5th Cir. 2016) ("Procedural questions, such as whether a claim is barred

---

[8] Had the defendants filed the motion to compel arbitration with no intention of arbitrating the claims, that would have constituted "fraud" or "misrepresentation," *see* *Vincent v. Corbitt*, 94 Miss. 46, 54, 47 So. 641, 642 (1908) (holding that a person may be "liable for false representations" if it is "shown that he made the representation . . . with actual knowledge of their falsity"), and would have provided Coleman relief from the judgment under Rule 60(b)(1), *see Sabal Corp. v. Howell*, 853 So. 2d 122, 124 (¶5) (Miss. Ct. App. 2003) (A party's knowing and false misrepresentation for the purpose of inducing another party to rely on the representation, which results in injury to that party, constitutes actionable fraud.).

by a statute of limitations, are generally to be reviewed by the arbitrator." (internal quotation marks omitted)); *see also* Joel E. Smith, Annotation, *Statute of Limitations as Bar to Arbitration Under Agreement*, 94 A.L.R.3d 533, § 2[b] (1979) (noting that "where the matter sought to be arbitrated was subject to the provisions of the Federal Arbitration Act[,] . . . it has been held that it was for the arbitrators to determine whether the arbitration was time-barred" (citation omitted)).

¶16.    Nonetheless, because the circuit court's ruling that "the statute of limitations ha[d] run on the claims raised by [Coleman]" was the sole basis for dismissing Coleman's Rule 60(b) motion, we find that there is no way of getting that issue to arbitration without addressing the merits of the court's ruling. A statute-of-limitations issue is reviewed de novo. *Marshall v. Kansas City S. Rys. Co.*, 7 So. 3d 210, 213 (¶14) (Miss. 2009). Coleman filed his amended complaint on July 12, 2019, twenty-two months after the contract at issue was signed (August 31, 2017). "Ordinarily, the filing of a complaint tolls the statute of limitations." *Koestler v. Miss. Baptist Health Sys. Inc.*, 45 So. 3d 280, 282 (¶9) (Miss. 2010). The filing of the lawsuit here tolled the statute of limitations[9] until the court's judgment was entered on December 20, 2021. *See Johnson v. Rhett*, 250 So. 3d 486, 490 (¶11) (Miss. Ct. App. 2018) (recognizing the "general rule . . . 'that, unless process is not timely served, the statute of limitations is tolled upon the filing of the complaint, and does not begin to run again until

---

[9] Coleman's claims are subject to the three-year "catch-all" statute in Mississippi Code Annotated section 15-1-49 (Rev. 2019). Therefore, at that point, Coleman had over thirteen months (416 days) remaining on the general statute of limitations.

litigation has ended[]'" (quoting *Thornhill v. Ingram*, 178 So. 3d 721, 724 (¶14) (Miss. 2015))). Less than six months later (172 days), Coleman filed his motion to compel arbitration or, alternatively, for relief from the judgment. The calculation or reasoning behind the court's ruling that Coleman's claims are statutorily time-barred is simply not supported by the record. We therefore hold that the court's dismissal on this basis was error.

¶17. In summary, the defendants have offered no valid reason why they should not be required to comply with the court's prior judgment compelling arbitration. Accordingly, we reverse and render the court's ruling dismissing Coleman's Rule 60(b) motion. Because the defendants' counterclaim specifically requested that the circuit court stay the action "[u]nder 9 U.S.C. § 3" until "arbitration has been conducted, concluded and confirmed[,]"[10] we order the circuit court to restore the case to the court's active docket and stay the proceedings pending the conclusion of the arbitration proceedings. *See MS Credit Ctr. Inc. v. Horton*,

---

[10] 9 U.S.C. § 3 provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement*, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added). "[S]tate courts, as much as federal courts, are obliged to grant stays of litigation under § 3 of the [Federal] Arbitration Act." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 (1983).

926 So. 2d 167, 181 n.8 (Miss. 2006) (noting that "[w]here a motion to compel arbitration is granted, the litigation does not terminate, but rather is stayed pending completion of the arbitration process and entry of the arbitrator's decision").

¶18. **REVERSED AND RENDERED.**

**CARLTON AND WILSON, P.JJ., WESTBROOKS AND McDONALD, JJ., CONCUR. LAWRENCE AND SMITH, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. McCARTY, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. GREENLEE, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY EMFINGER, J.**

**GREENLEE, J., DISSENTING:**

¶19. Because I would affirm the circuit court's dismissal of Coleman's Rule 60(b) motion, I respectfully dissent.

¶20. A party may move the circuit court to reconsider its judgment by (1) filing a motion for a new trial or to alter or amend the judgment under Mississippi Rule of Civil Procedure 59 or (2) filing for relief from a final judgment under Rule 60(b). *Loftin v. Jefferson Davis Cnty. Sch. Dist.*, 142 So. 3d 1098, 1100 (¶5) (Miss. Ct. App. 2014). "The timing of the motion to reconsider determines whether it is a Rule 59 or Rule 60(b) motion." *Id*. (quoting *Woods v. Victory Mktg. LLC*, 111 So. 3d 1234, 1236-37 (¶¶6-8) (Miss. Ct. App. 2013)). "A motion to reconsider filed within ten days of the entry of the judgment falls under Rule 59 and tolls the thirty-day time period to file a notice of appeal until the disposition of the motion" whereas "a motion to reconsider filed more than ten days after the entry of judgment falls under Rule 60(b) . . . [a]nd . . . does not toll the thirty-day time period to file a notice of

11

appeal." *Id.*

¶21.   In this case, the circuit court entered a default judgment on December 20, 2021. Nearly six months later, on June 10, 2022, Coleman filed his motion to reconsider. Accordingly, the thirty-day time period to file a notice of appeal was not tolled, and this Court's review is limited "to whether reconsideration was properly denied under Rule 60(b)." *Id.*  Importantly, "[t]his [C]ourt has no jurisdiction to consider the merits of the underlying judgment." *Id.*

¶22.   A motion filed under Rule 60(b) permits the court to relieve a party from a final judgment, order, or proceeding for the following reasons:

>    (1) fraud, misrepresentation, or other misconduct of an adverse party;
>
>    (2) accident or mistake;
>
>    (3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
>    (4) the judgment is void;
>
>    (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
>
>    (6) any other reason justifying relief from the judgment.

M.R.C.P. 60(b).  A movant must file a Rule 60(b)(5) or (b)(6) motion within a reasonable time.  *Id.*[11]

---

[11]  When determining whether a Rule 60(b) motion was filed in a reasonable time, courts have considered "whether the movant can show cause for failure to act sooner."

¶23. In his appellate brief, Coleman notes that his motion was filed pursuant to Rules 60(b)(5)-(6) and 70(a). As noted by the majority, Coleman does not discuss Rule 70(a) or its application to this case on appeal. A Rule 60(b) motion provides relief from a prior final judgment or order—in this case, a default judgment. When Coleman did not respond to the defendants' counterclaim or motion to compel, the defendants requested entry of default and filed a motion to dismiss. Subsequently, Coleman filed a motion to strike and a motion for leave to file an answer to the defendants' counterclaim out of time. The circuit court held a hearing on Coleman's motion. However, Coleman's counsel did not appear at the hearing, and the circuit court granted a default judgment. Thereafter, Coleman filed a motion for reconsideration and then withdrew the motion. Nearly six months after the court entered its order, he filed the motion to compel arbitration or to restore the case to the active docket.[12]

¶24. The motion, however, did not assert a compelling argument that the court's judgment had been "satisfied, released, or discharged" or that "a prior judgment upon which [the judgment was] based ha[d] been reversed or otherwise vacated," or that it was "no longer equitable that the judgment should have prospective application." Additionally, the motion did not assert a compelling argument that Coleman was entitled to relief from the circuit

_____

*Smith v. Doe*, 268 So. 3d 457, 462 (¶13) (Miss. 2018) (quoting *Cucos Inc. v. McDaniel*, 938 So. 2d 238, 246 (¶23) (Miss. 2006)).

[12] To reiterate, any deficiencies or error in the circuit court's grant of default judgment—that may have been raised in Coleman's Rule 59 motion for reconsideration that he subsequently withdrew—cannot be addressed. This Court is limited in its review to whether the circuit court properly denied Coleman's Rule 60(b) motion, which was filed almost 180 days after the circuit court's judgment.

court's default judgment.  For these reasons, I would affirm the circuit court's dismissal.[13]

**EMFINGER, J., JOINS THIS OPINION.**

---

[13] In *Marillo v. Shearson Hayden Stone Inc.*, 159 A.D.2d 1012, 1012, 552 N.Y.S.2d 730 (N.Y. App. Div. 1990), the appellate court held that "a motion to compel arbitration may not be granted where the claim sought to be arbitrated is barred by limitation of time."  The appellate court explained that "the granting of a motion to compel arbitration merely precludes the aggrieved plaintiff from proceeding with his action; it does not require the defendant to institute arbitration procedures." *Id.*  Further, "[i]f the party with a grievance 'does not voluntarily turn now to the arbitral process he will find himself with no remedy at all.'"  In *Marillo*, the "plaintiff was the party required to initiate the arbitration procedures[, and b]ecause she . . . failed to do so within the period of the Statute of Limitations, her claim [was] time barred." *Id.* (citation omitted).  This Court agreed with *Marillo* in *Haycraft v. Mid-State Const. Co.*, 915 So. 2d 1117, 1123 (¶25) (Miss. Ct. App. 2005).  This suggests that it was the plaintiff's duty to initiate arbitration even if the circuit court compelled arbitration and that the circuit court may refuse to compel arbitration when the statute of limitations has run.