986 So.2d 1051 (2008)
Wendell DAWSON, Appellant,
v.
BURT STEEL, INC. and B & S Erection, Inc., Appellees.
No. 2006-CA-01819-COA.
Court of Appeals of Mississippi.
April 1, 2008.
Rehearing Denied July 22, 2008.
James H. Colmer, Jr., Pascagoula, Kelly Cash Lee, attorneys for appellant.
Edward C. Taylor, David Bruce Krause, Gulfport, for attorneys for appellees.
Before LEE, P.J., CHANDLER and BARNES, JJ.
LEE, P.J., for the Court.
¶ 1. Wendell Dawson appeals the Hancock County Circuit Court's grant of summary judgment in favor of Burt Steel, Inc., and B & S Erection, Inc. Finding that we lack jurisdiction, we dismiss this appeal.
¶ 2. Final judgment was entered in favor of Burt Steel and B & S Erection on June 8, 2006. On June 19, 2006, Dawson filed a motion for reconsideration. The motion was denied on July 3, 2006. However, for reasons not given in the record, neither party received notice that the motion was denied. Dawson filed his notice of appeal on October 23, 2006.
¶ 3. According to Mississippi Rule of Appellate Procedure 4(a), Dawson had thirty days to file a notice of appeal from the date of entry of the final judgment. The final judgment was stayed until July *1052 3, 2006, when the motion to reconsider was denied. M.R.C.P. 62(b). Thus, the notice of appeal should have been filed by August 2, 2006. It appears from the record that the attorneys from each side, through their own agreement, determined to extend the time for filing a notice of appeal until October 23, 2006. A letter from an attorney for Burt Steel and B & S Erection addressed to an attorney for Dawson, dated September 28, 2006, states: "Since neither you nor I received notice of the Order denying the Motion for Reconsideration before last Thursday, I will not oppose your Notice of Appeal should you decide to file such Notice on or before October 23rd."
¶ 4. Mississippi Rule of Appellate Procedure 4(h) reads as follows:
The trial court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.
(Emphasis added).
¶ 5. Clearly, Rule 4(h) requires the appealing party to file a motion with the trial court to reopen the time for appeal. M.R.A.P. 4(h). We can find no indication in the record that a motion was made or order entered allowing the time for filing a notice of appeal to be extended. The letter from counsel for Burt Steel and B & S Erection to Dawson's counsel indicated an agreement that Burt Steel and B & S Erection would not raise the issue of the timeliness of the appeal in their brief. "Whether raised by the parties or not, this Court is required to note its own lack of jurisdiction." Michael v. Michael, 650 So.2d 469, 471 (Miss.1995). Since the time to file a notice of appeal is a jurisdictional issue that cannot be waived by the parties, we dismiss this appeal for lack of jurisdiction.
¶ 6. THIS APPEAL IS DISMISSED FOR LACK OF APPELLATE JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.