980 So.2d 962 (2008)
Bert BRAND, Appellant
v.
J. Dexter BARR and Mississippi State University Foundation a/k/a MSU Development Foundation, Appellees.
No. 2007-CA-00249-COA.
Court of Appeals of Mississippi.
April 22, 2008.
*963 Brandon Scott Leslie, attorney for appellant.
M. Jay Nichols, Columbus, Thomas Murray Tubb, West Point, Aubrey E. Nichols, Columbus, attorneys for appellees.
Before KING, C.J., GRIFFIS and CARLTON, JJ.
CARLTON, J., for the Court.
¶ 1. Bert Brand (Brand) appeals the denial of his motion to clarify a judgment filed in the Chancery Court of Clay County, Mississippi. Finding his motion to clarify untimely filed, we affirm the judgment of the chancery court.

FACTS
¶ 2. On March 6, 1999, Brand entered into an agreement with Christine Brand (Christine), to lease, for a period of ten years, certain farm and pasture land located in Clay County. The lease applied to two parcels of land in Clay County. The first parcel, referred to as "Gilreath Place," consisted of approximately 320 acres. The second, called "Home Place," consisted of approximately 402 acres.
¶ 3. In consideration for the lease, Brand agreed to pay to Christine one-fourth of the agricultural proceeds he earned from the land. Additionally, he agreed to pay her $5 per acre of pasture land per year. Brand was to be responsible for the maintenance and upkeep of the pastures and fences located on the property. On August 19, 2000, Christine and J. Dexter Barr (Barr) entered into an option agreement to purchase a portion of the property that was subject to Brand's farm lease. On April 9, 2003, Christine was placed under a conservatorship. On May 5, 2003, Christine's conservator, Virginia Brand, deeded the property known as Gilreath Place to Barr, as agreed to in the option contract between Christine and Barr. The property was still subject to Brand's farm lease at that time.
¶ 4. On July 27, 2004, Barr filed a complaint for declaratory judgment, seeking to have the farm lease between Brand and Christine declared void. Barr claimed, among other things, that Brand had materially breached the provisions of the lease by failing to plant crops on any of the cultivatable land, thereby failing in his obligation to pay crop rent. Barr claimed Brand further breached the contract by *964 failing to maintain or pay any rent for the pastureland as required by the lease.
¶ 5. On March 14, 2005, the chancellor ruled in favor of Barr, declaring the lease null and void. She found that Brand had, in fact, materially breached the lease by failing: (1) to plant crops, (2) to pay crop rent, (3) to pay rent for the pastureland, and (4) to maintain the pastureland. On April 18, 2005, Brand filed his motion for reconsideration, which was denied. Brand did not appeal the chancellor's decision. On May 6, 2005, Christine died. Her will bequeathed the property known as Home Place to the Mississippi State University Foundation, which became an interested party in the litigation by virtue of Christine's lease of the property to Brand.
¶ 6. Brand filed a motion to clarify the judgment on October 30, 2006, approximately eighteen months after filing his motion for reconsideration. Brand's motion requested that the chancellor clarify or, in the alternative, amend her order declaring the farm lease between Brand and Christine to be void. Specifically, Brand requested that the chancellor amend her order to show that the lease was void only as to the Gilreath Place property, which was owned by Barr. The chancellor's order declared the entire lease void, without respect to the separate parcels.
¶ 7. The chancellor denied Brand's motion to clarify the judgment on January 24, 2007, finding the motion to be untimely filed and without merit. Brand now appeals that judgment and asserts four errors: (1) the trial court erred in voiding the entire lease agreement; (2) Barr did not have legal standing to act on behalf of the Home Place; (3) the trial court failed to join necessary and indispensable parties; and (4) the trial court erred in refusing to consider Brand's motion to clarify the judgment. Brand requests the chancellor's decision be reversed and his case remanded for a new trial on the merits. Because we find Brand's appeal to be time-barred, we find no error and affirm.

DISCUSSION
¶ 8. This Court has a limited standard of review when examining a chancellor's findings on appeal. McNeil v. Hester, 753 So.2d 1057, 1063(¶ 21) (Miss. 2000) (citing Reddell v. Reddell, 696 So.2d 287, 288 (Miss.1997)). We will not disturb a chancellor's findings of fact unless manifestly wrong or clearly erroneous. Sanderson v. Sanderson, 824 So.2d 623, 625(¶ 8) (Miss.2002). The chancellor's findings will not be disturbed if supported by substantial evidence unless the chancellor has abused her discretion, was manifestly wrong, clearly erroneous, or applied an erroneous legal standard. Id. at 625-26(¶ 8). The chancellor sits as the fact-finder and is the sole judge of the witnesses' credibility. Murphy v. Murphy, 631 So.2d 812, 815 (Miss.1994) (citations omitted). Therefore, we will not disturb the chancellor's conclusions when supported by substantial evidence, irrespective of how we might have ruled as an original matter. Id. (citations omitted).
¶ 9. Since Brand's motion to clarify the judgment of the trial court was filed untimely, his appeal is also untimely. Mississippi Rule of Civil Procedure 59(e) requires that a motion to alter or amend a judgment must be filed no later than ten days after entry of the judgment. The court is not permitted to extend this time period. See M.R.C.P. 59 cmt. Further, Brand's motion was filed eighteen months after the time for filing an appeal from the judgment. Mississippi Rule of Appellate Procedure 4(a) requires that "the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within thirty days after the date of entry of the *965 judgment or order appealed from." M.R.A.P. 4(a). Mississippi Rule of Appellate Procedure 4(d) provides an extension of this time when a party files certain post-trial motions, including a Rule 59 motion to alter or amend the judgment. The time for appeal begins to run only after the entry of the order disposing of the last post-trial motion, if the motion is filed no later than 10 days after the entry of the judgment. M.R.A.P. 4(d).
¶ 10. The time for Brand to appeal the merits of the underlying case had long since passed when he filed his motion for clarification. The untimely filing of a motion to clarify in no way extends the period of time in which Brand could have appealed the original, dispositive order; furthermore, the chancellor's denial of the same in no way revived Brand's opportunity to appeal the original judgment. See Byrd v. Biloxi Reg'l Med. Ctr., 722 So.2d 166, 169(¶ 12) (Miss.Ct.App.1998) (holding that "[a]n untimely filed [m]otion for [r]econsideration will not excuse an untimely filed [n]otice of [a]ppeal, and clearly will not create or confer jurisdiction in this Court").
¶ 11. Because the motion to clarify or amend the chancellor's order was untimely, we find this appeal to be time-barred and affirm the judgment of the trial court.
¶ 12. THE JUDGMENT OF THE CHANCERY COURT OF CLAY COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.