LEE, P.J.,
for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. Kelli Slaughter Burch and Tina Flo-rane Pomes entered into a verbal agreement whereby Pomes would assume the notes on Burch’s mobile home until Pomes could arrange financing for an outright purchase. Claiming that Pomes was behind on her payments, Burch filed an eviction notice in the Justice Court of Pearl River County. The justice court judge awarded Burch $1,468.96 in damages and ordered the removal of the mobile home from Pomes’s property.
¶ 2. Pomes filed an appeal in the Circuit Court of Pearl River County. The trial court appointed a special master to hear the case, and a bench trial was held on January 25, 2008. The special master found that, in light of Pomes’s payments made to Burch, the judgment of the justice court should be partially set aside. The special master found that Burch should only be entitled to court costs, some rent, constable fees, and partial removal fees. Burch was awarded $500. The special master also determined that Pomes was entitled to $1,000, but the judgment was reduced by Burch’s award of $500. Consequently, Pomes was awarded $500. The trial court adopted the special master’s report and found that Pomes was entitled to a net judgment of $500 with interest at 8% per annum.
¶ 3. Burch now appeals, asserting three issues which can better be addressed as one: whether the trial court erred in awarding Pomes a judgment of $500.
DISCUSSION
¶ 4. We first note that both parties in this case are representing themselves. Our supreme court has held that “[p]ro se parties should be held to the same rules of procedure and substantive law as represented parties.” Dethlefs v. Beau Maison Dev. Corp., 511 So.2d 112, 118 (Miss.1987). However, the supreme court has also held that we will “credit not so well-pleaded allegations so that a [pro se] prisoner’s meritorious complaint may not be lost because inartfully drafted.” Ivy v. Merchant, 666 So.2d 445, 449 (Miss.1995). Our courts also allow the same deference to pro se litigants in other civil actions. Zimmerman v. Three Rivers Planning & Dev. Dist., 747 So.2d 853, 856(¶ 6) (Miss.Ct.App.1999).
¶ 5. As a corollary to the pro se representation in this case, we reiterate that “[i]t is the duty of the appellant to overcome the presumption of the correctness of the trial court’s judgment by demonstrating some reversible error.” Edlin v. State, 533 So.2d 403, 410 (Miss.1988); see Touchstone v. Touchstone, 682 So.2d 374, 380 (Miss.1996) (holding that the appellate court does not consider unsupported assignments of error).
¶ 6. In her brief, Burch has failed to demonstrate reversible error. Burch has simply listed three issues and fails to expand on these issues with any facts, exhibits, or law to support her arguments. Pomes’s reply brief is similar in this regard.
¶ 7. Regardless of the shortcomings of the briefs, we have reviewed the record “for any self-evident error for which no authority would be necessary.” Kellar v. *305 Miss. Employment See. Comm’n, 756 So.2d 840, 842(¶ 6) (Miss.Ct.App.2000). Finding none, we affirm the trial court’s judgment.
¶ 8. THE JUDGMENT OF THE PEARL RIVER COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.