FAIR, J., for the Court:
¶ 1. Dr. James Loftin filed a petition in the Chancery Court of Jefferson Davis County seeking to compel the production of public records relating to his employment with the local school district. The chancery court denied the petition. Lof-tin’s notice of appeal was filed months later, from the denial of his motion for reconsideration. But because the motion for reconsideration was filed more than ten days after the entry of the order denying Loftin’s petition, the motion must be viewed as having been brought under Mississippi Rule of Civil Procedure 60(b) for relief from judgment. Because Rule 60 motions are an extraordinary remedy and not a substitute for a timely appeal, we affirm the chancery court’s denial of Lof-tin’s motion to reconsider.
DISCUSSION
¶ 2. Loftin was the principal of Prentiss High School. In February 2012, during his second year, he was informed that the superintendent did not intend to renew his contract. Loftin requested a nonrenewal hearing before the Jefferson Davis County Board of Education, pursuant to the Education Employment Procedures Law (EEPL), Mississippi Code Annotated sections 37-9-101 through -113 (Rev.2013). Loftin also submitted a public records request to the school district for certain documents relating to his employment. The district took the position that it would provide only the documents Loftin was entitled to under the EEPL, in the time frame specified by that law. Numerous documents were eventually provided to *1100 Loftin, though there is a dispute as to whether they satisfied the public records request.
¶3. On April 16, 2012, Loftin filed a “Petition to Compel Production of Public Records and to Enjoin Nonrenewal Hearing” in the Chancery Court of Jefferson Davis County. Notwithstanding Loftin’s petition seeking to delay the hearing, the nonrenewal hearing was held on April 27, and the Board voted not to renew his contract. On July 12, the chancery court entered an order finding that Loftin “waived his right to request enforcement of his public records request” because he “allowed the non-renewal hearing ... to proceed and participated therein.” Loftin filed a motion for reconsideration on July 24. The motion was denied October 24 and the notice of appeal followed on November 2.
¶ 4. “A timely-filed notice of appeal is a jurisdictional prerequisite to invoking [appellate] review, and we review jurisdictional matters de novo.” Calvert v. Griggs, 992 So.2d 627, 631 (¶ 9) (Miss.2008). “[T]he time to file a notice of appeal is a jurisdictional issue that cannot be waived by the parties.” Dawson v. Burt Steel Inc., 986 So.2d 1051,1052 (¶ 5) (Miss.Ct.App.2008).
¶ 5. At issue is what effect Lof-tin’s motion for reconsideration had on the timeliness of his notice of appeal. Motions for reconsideration are filed every day in Mississippi, but the Mississippi Rules of Civil Procedure do not specifically provide for them. McBride v. McBride, 110 So.3d 356, 359 (¶ 15) (Miss.Ct.App.2013). This Court recently summarized how they should be treated:
The Mississippi Rules of Civil Procedure provide two avenues to move the trial court to reconsider its judgment. The aggrieved party may (1) file a motion for a new trial or to alter or amend under Rule 59 or (2) file for a relief from a final judgment under Rule 60(b). The timing of the motion to reconsider determines whether it is a Rule 59 or Rule 60(b) motion.
A motion to reconsider filed within ten days of the entry of the judgment falls under Rule 59 and tolls the thirty-day time period to file a notice of appeal until the disposition of the motion. Consequently, a notice of appeal following the denial of a Rule 59 motion to reconsider encompasses both the denial of reconsideration and the underlying judgment.
But a motion to reconsider filed more than ten days after the entry of the judgment falls under Rule 60(b). And a Rule 60(b) motion does not toll the thirty-day time period to file a notice of appeal. So a notice of appeal following the denial of a Rule 60(b) motion to reconsider limits this court’s review to whether reconsideration was properly denied under Rule 60(b). This court has no jurisdiction to consider the merits of the underlying judgment.
Woods v. Victory Mktg. LLC, 111 So.3d 1234, 1236-37 (¶¶ 6-8) (Miss.Ct.App.2013) (citations omitted). The last day for Lof-tin to file his motion for reconsideration under Rule 59 was Monday, July 23, 2012. See M.R.C.P. 6(a). Loftin’s motion, filed on July 24, must be taken under Rule 60(b).
¶ 6. Rule 60(b) provides six bases for relieving a party from a final judgment:
(1) fraud, misrepresentation, or other misconduct of an adverse party;
(2) accident or mistake;
(3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
*1101 (4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
(6) any other reason justifying relief from the judgment.
Loftin’s motion for reconsideration makes none of those arguments. Instead, it simply contends that the petition should not have been dismissed under the facts and the controlling substantive law. Loftin obviously intended the motion to be considered under Rule 59(e), but because it was untimely, that ship has sailed. “An appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review.” Bruce v. Bruce, 587 So.2d 898, 903-04 (Miss.1991). Instead, “Rule 60(b) is for extraordinary circumstances, for matters collateral to the merits, and affords a much narrower range of relief than Rule 59(e).” Id. at 903. “Rule 60(b) motions should not be used to relitigate cases.” S. Healthcare Servs. Inc. v. Lloyd’s of London, 110 So.3d 735, 742 (¶ 16) (Miss.2013). Nor is a Rule 60(b) motion a substitute for a timely appeal. Id. at (¶ 14).
¶ 7. Loftin is not entitled to relief from judgment under Rule 60(b). We therefore affirm the trial court’s judgment denying Loftin’s motion for reconsideration.
¶ 8. THE JUDGMENT OF THE CHANCERY COURT OF JEFFERSON DAVIS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, MAXWELL AND JAMES, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING, P.J.