JAMES, J.,
for the Court:
¶ 1. Carl Sanders filed a complaint against Gary Sanders in the Circuit Court of Humphreys County. The circuit court dismissed the lawsuit without prejudice. Carl appeals. Finding no error, we affirm.
FACTS
¶ 2. At issue here is the estate property of Isaac Sanders, identified as Lot 6, Fri-ley’s Estate, located in Section 34, Township 14, Range 3 West, Humphreys County, Mississippi (Estate Property). Isaac died intestate and was survived by ten children, including Carl and Gary.[1] Isaac’s estate was never administered. On April 12, 2002, the putative heirs of Isaac’s estate, including Gary, executed a durable power of attorney (DPA) appointing Carl as attorney-in-fact to represent their interest in the Estate Property.[2]
¶ 3. On May 23, 2011, attorney Jason Hadley sent Carl a letter informing Carl that his law firm represented Tanya Hoover, Gary’s daughter. The letter informed Carl that Gary had appointed Tanya as his attorney-in-fact and that any future correspondence concerning Gary’s interest in the Estate Property should be directed to Hadley’s law firm. On June 8, 2011, Carl sent Hadley an email with a proposal to “buy-out Gary[’s] ... interest in [the] Isaac Sanders Estate Property and let him live there as long as the estate exists.” Hadley responded via email conveying the following:
Attached please find the Power of Attorney of Gary Sanders appointing Tanya Hoover on May 9, 2011. Although I see no formal offer attached [to your email], Gary Sanders is not interested in selling his interest in the Estate [P]roperty. Gary Sanders is also not interested in entering the subject property into any [USDA] CRP[3] or related program .... [P]lease refrain from sending [communications] directly to Gary Sanders as I have previously notified you of our representation. If there is an heir that has not received notification of our representation, please provide [his or her] name and contact information so that we may confirm the same.
¶ 4. On November 2, 2011, attorney Michael McKay sent a letter to Gary informing him that McKay had been retained by Carl and other heirs of Isaac. The letter informed Gary that a “number of issues” had arisen between Gary and the other hems, alleging that Gary had used the Estate Property for commercial agricultural purposes to the exclusion of *755 the other heirs; failed to cooperate in enrolling the land in the CRP program; and wrongfully interfered with the other heirs’ use of the property. McKay advised Gary that his clients had decided to file a partition action in chancery court, and asked if Gary would voluntarily agree to divide the property.
¶ 5. Carl entered into a commercial-farm lease agreement with Charles V. Allen on February 21, 2012, leasing the Estate Property to Allen for the farming of soybeans and wheat. Carl sent Gary a letter informing him that “the entire crop portion of the estate has been leased to [Allen] for the year 2012 .... Please do not interfere with [Allen] because he has a legal lease.” The letter further informed Gary that “both parcels of the wood land, 8 acres behind your house and the 43 acres across the road, have been leased to the USDA’s WHIP[4] and it will start this year.”
¶ 6. Carl filed a complaint against Gary in the Circuit Court of Humphreys County on May 1, 2012. In the complaint, Carl asserted a breaeh-of-contract claim against Gary, alleging that Gary was in “willful breach of the durable power of attorney contract.” The complaint alleged that Gary “farmed the crop land of the estate with soybeans in [the] year 2011 against [Carl’s] instructions,” and “the net result of [Gary’s] action[s] is that he lied, farmed the land in 2011[,] ... and kept all the proceeds for himself ....[, which] was a clear breach of the Durable Power of Attorney Contract^]” The complaint further alleged that in March 2012, Gary filed a trespass charge against Allen in justice court. Among other things, the complaint requested that the court issue a “cease and desist order and restraining order” to prevent Gary from interfering with Allen’s use of the property, and “immediately order the Liquidation/Partitioning” of the estate similar to the offer made [in the letter dated November 2, 2011.]
¶ 7. Gary filed a motion to dismiss on August 31, 2012. In his motion, Gary argued that Carl’s complaint requested the circuit court to partition heir property, which is a chancery court matter, and attempted to assert a claim against Gary on behalf of Allen, who is not a party to the action. The motion further asserted that no heirship affidavit was filed, nor were the other heirs joined as necessary parties.
¶ 8. A hearing was held on September 18, 2012. At the hearing, the circuit judge told Carl that she did not see an issue for a breach-of-contract claim. Further, the circuit judge informed Carl that actions to establish heirs and partition estate property should be filed in chancery court. The circuit court issued an order of dismissal on September 25, 2012. In the order of dismissal, the circuit judge found that “the case should be dismissed but that [Carl] may bring this action in [c]hancery [c]ourt if he so chooses.” Carl filed a motion for reconsideration, which the circuit court denied. Carl appeals. Finding no error, we affirm.
DISCUSSION
¶ 9. First, we note that both parties are representing themselves. The Mississippi Supreme Court has held that “pro se parties should be held to the same rules of procedure and substantive law as represented parties.” Burch v. Pomes, 18 So.3d 303, 304 (¶ 4) (Miss.Ct.App.2009) (quoting Dethlefs v. Beau Maison Dev. Corp., 511 So.2d 112, 118 (Miss.1987)). However, we should “credit not so well-pleaded allegations so that a pro se prisoner’s meritorious complaint may not be lost because *756 inartfully drafted.” Id. We also give the “same deference to pro se litigants in other civil actions.” Id. (citing Zimmerman v. Three Rivers Planning & Dev. Dist., 747 So.2d 853, 856 (¶ 6) (Miss.Ct.App.1999)). With these principles in mind, we restate for clarity the issues raised by Carl on appeal: whether the circuit court erred in dismissing Carl’s complaint; and whether the circuit court erred in finding that Carl’s motion for reconsideration was without merit.[5]
I. Whether the circuit court erred dismissing the case without prejudice.
¶ 10. Based on the record and the arguments at the hearing below, there is some confusion as to the basis of Carl’s claim. Carl’s complaint against Gary alleged that Gary was in breach of the “contract of Durable Power of Attorney.” However, elsewhere in the complaint, Gary requests that the court assess damages against Gary for his interference with Allen’s lease of the Estate Property. Further, at the hearing in circuit court, when asked what was the basis of the breach-of-contract claim, Carl responded, “The contract was a contract between [the] Sanders’ estate and [Allen,] ... [who] went over to ... exercise his rights under that contract, and [Gary] filed trespassing charges against him, and he had a bona fide contract.” Like the circuit court, we are at a loss to find a binding legal contract between Carl and Gary. On the face of the complaint, we are unable to ascertain whether Carl alleged a breach of the DPA or a breach of the Allen lease. If the latter, we note Carl is seeking to enforce a claim by a party who has not been joined. Likewise, Carl has failed to join the other heirs to the action.
¶ 11. Still, it is clear that, regardless of Carl’s present assertions, the complaint requests the “partitioning of the estate,” and that any proceeds from Gary’s farming operations be “confiscated and equitably divided among the heirs of the estate.”
¶ 12. The circuit court found that it lacked jurisdiction to hear the matter. During the hearing, the circuit judge stated: “[W]hat you have ... is an issue that should be in chancery court. You’re asking this court to partition some property and to establish the heirs. That is in the jurisdiction of chancery court.” However, rather than transferring the matter to the proper court, the circuit judge chose to dismiss the case without prejudice, stating: “[A]s opposed to dismissing your claim, I would transfer it, but you don’t have a proper petition in order to transfer .... [Therefore, I’m going to dismiss it, but you can file it in chancery court.”
¶ 13. Based on the record before us, we agree with the circuit court’s finding that the matter should have been filed in chancery court. Article 6, Section 159 of the Mississippi Constitution vests the chancery court with jurisdiction in matters concerning: “(a) [a]ll matters in equity; (b) [divorce and alimony; (c) [m]atters testamentary and of administration; (d) [manor’s business; (e) [c]ases of idiocy, lunacy, and persons of unsound mind; (f) [a]ll cases of which the said court had jurisdiction under the laws in force when this Constitution is put in operation.” Article 6, Section 157 instructs that “[a]ll causes that may be brought in the circuit court whereof the *757 chancery court has exclusive jurisdiction shall be transferred to the chancery court.”
¶ 14. Here, no estate has ever been opened for the late Isaac Sanders, and no determination of heirship has been adjudicated by any court to determine the rightful parties and their interest in the Estate Property. Furthermore, although Carl asserts that he is not seeking a partition of property, his complaint clearly requests that the circuit court partition the Estate Property. Thus, we agree with the judgment of the circuit court that this matter should have been filed in chancery court. We also agree with the circuit court’s decision to dismiss the action without prejudice so that Carl may draft a proper petition and join all necessary parties. Thus, we find that the circuit court properly dismissed the case without prejudice pursuant to Mississippi Rule of Civil Procedure 12(h)(3). Accordingly, we affirm the judgment of the circuit court dismissing the case without prejudice.
II. Whether the circuit court erred in finding that Carl’s motion for reconsideration was without merit.
¶ 15. Both in his motion for reconsideration below and in his brief before this Court, Carl makes allegations of wrongdoing, including “criminal malfeasan[ce] in the form of file tampering.” Upon reviewing the record, we can only conclude that Carl’s accusations of file tampering and wrongdoing are founded upon his misinterpretation of a statement made by the circuit judge during the hearing. During the hearing, the circuit judge stated: “I didn’t see a contract, so I didn’t see the issue for breach of contract.” This prompted Carl to believe that “some rogue person” removed the contract from the record. In his brief, Carl states: “[H]ow could the court not have found a contract in the file ... [?] This should have prompted the court to investigate why the contract was missing! [I have] to conclude that this trial court judge is either grossly incompetent or she is complicit in this criminal activity.” It is clear from the context that the circuit court meant that the documentation that Carl presented did not constitute a legally binding contract.
¶ 16. Carl’s motion for reconsideration makes further allegations of wrongdoing against the circuit court and against the attorneys below, including allegations of “criminal racketeering, criminal malfeas-ant [sic] and abdication of [the] oath of office.” We have reviewed the record and find these allegations to be wholly unfounded. Accordingly, this issue is without merit.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF HUMPHREYS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY.

. There is some indication in the record that Isaac died in 1972; however, a precise date is not indicated.

. The DPA authorized Carl to
exercise, do or perform any rights, power, duty, or obligation whatsoever that [the heirs] now have or may acquire the legal right, power or capacity to exercise, do or perform in connection with: A. [t]he payment of real estate taxes assessed to [Lot 6][;] B. [t]he enforcement of trespass laws, eviction laws or ejectment laws as they relate to [Lot 6][;] C. [t]he rentals of [Lot 6],

.United States Department of Agriculture's Conservation Reserve Program.

. Wildlife Habitat Incentive Program.

. We note that on July 23, 2013, Carl filed a motion arguing that Gary failed to comply with Rule 31 of the Mississippi Rules of Appellate Procedure. The Mississippi Supreme Court passed the motion for consideration with the merits of the appeal. In his motion, Carl does not state with specificity how Gary has failed to comply with Rule 31. We find that the motion is not well taken and is hereby denied.