# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-00942-COA

CARL E. SANDERS                                                                                    APPELLANT

v.

TANYA HOOVER, MARY G. SANDERS AND                                            APPELLEES
KEISHA MOORE

| | |
|---|---|
| DATE OF JUDGMENT: | 09/24/2012 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| COURT FROM WHICH APPEALED: | HUMPHREYS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CARL E. SANDERS (PRO SE) |
| ATTORNEYS FOR APPELLEES: | TANYA HOOVER (PRO SE) |
| | MARY G. SANDERS (PRO SE) |
| | KEISHA MOORE (PRO SE) |
| NATURE OF THE CASE: | CIVIL - TORTS - OTHER THAN PERSONAL INJURY AND PROPERTY DAMAGE |
| TRIAL COURT DISPOSITION: | GRANTED APPELLEES' MOTION TO DISMISS |
| DISPOSITION: | AFFIRMED - 02/17/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., CARLTON AND JAMES, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     Carl Sanders appeals the Humphreys County Circuit Court's dismissal of his lawsuit against Tanya Hoover, Mary Sanders, and Keisha Moore (collectively Appellees). Finding both Carl's motion to reconsider and his notice of appeal to be untimely filed, we affirm the judgment of the circuit court.

## FACTS

¶2.     The procedural history in this case reflects that, in April 2012, Carl filed a civil

complaint in circuit court against the Appellees. Carl's complaint requested that the circuit court issue a cease-and-desist order and a restraining order against the Appellees. Carl also asked the circuit court to award compensatory and punitive damages. The circuit court held a hearing on the matter on September 18, 2012. After listening to the parties and reviewing the record, the circuit court entered an order on September 24, 2012, which granted the Appellees' motion to dismiss.[1]

¶3.    On October 18, 2012, Carl filed a motion to reconsider. In their response, the Appellees asserted that Carl's motion should be denied because he failed to file his motion within the ten-day time limit provided by Mississippi Rule of Civil Procedure 59(e). Following the circuit court's denial of his motion for reconsideration, Carl filed a notice of appeal on December 19, 2012, and an amended notice of appeal on December 21, 2012.

## DISCUSSION

¶4.    "Mississippi Rule of Appellate Procedure 4(a) requires that the notice of appeal required by [Mississippi Rule of Appellate Procedure] 3 shall be filed with the clerk of the trial court within thirty days after the date of entry of the judgment or order appealed from." *Brand v. Barr*, 980 So. 2d 962, 964-65 (¶9) (Miss. Ct. App. 2008) (citation and internal quotation marks omitted). This thirty-day time limit is extended, however, when a party files certain post-trial motions. *Id.* at 965 (¶9). This Court has previously stated:

>    Mississippi Rule of Appellate Procedure 4(d) provides a litany of

---

[1] During the proceeding on September 18, 2012, the circuit court also heard arguments on a lawsuit Carl filed against his brother, Gary Sanders, who is the Appellees' father. In *Sanders v. Sanders*, 139 So. 3d 753, 754 (¶1) (Miss. Ct. App. 2014), this Court affirmed the circuit court's dismissal without prejudice of Carl's lawsuit against Gary.

"post[-]trial" motions which, if timely filed, will toll the time for filing a Notice of Appeal. A Motion for Reconsideration is treated as a motion to amend judgment pursuant to [Rule] 59(e) and must be filed within ten days from the entry of the judgment sought to be amended. . . . In order for such a motion to effectively toll the time for taking an appeal pursuant to [Rule] 4(d), the motion must be timely filed in accordance with the time restrictions set out in [Rule] 59(e). An untimely filed Motion for Reconsideration will not excuse an untimely filed Notice of Appeal, and clearly will not create or confer jurisdiction in this Court.

*Byrd v. Biloxi Reg'l Med. Ctr.*, 722 So. 2d 166, 168-69 (¶12) (Miss. Ct. App. 1998) (internal citations omitted).

¶5.     In the present case, the circuit court's order dismissing Carl's lawsuit against the Appellees was entered on September 24, 2012, and filed with the circuit court clerk on September 25, 2012. Because we treat Carl's motion for reconsideration as a motion to amend the circuit court's judgment, Carl had ten days from the entry of the circuit court's order of dismissal to timely file his motion for reconsideration. *See id.*; M.R.C.P. 59(e). However, the record reflects that Carl waited until October 18, 2012, which fell well outside the ten-day time limit, to file his motion to reconsider. *See* M.R.C.P. 59(e); M.R.A.P. 26(a).

¶6.     As our precedent recognizes, "[t]his ten-day requirement is absolute, and 'the court is not permitted to extend this time period.'" *Wilburn v. Wilburn*, 991 So. 2d 1185, 1191 (¶11) (Miss. 2008) (citing M.R.C.P. 59 cmt.). Our caselaw further provides that "[t]he time for appeal begins to run only after the entry of the order disposing of the last post-trial motion, *if the motion is filed no later than 10 days after the entry of the judgment.*" *Brand*, 980 So. 2d at 965 (¶9) (emphasis in original) (citing M.R.A.P. 4(d)). Because Carl's motion

3

for reconsideration was untimely filed, we find his appeal is also untimely.[2]  We therefore affirm the circuit court's judgment.

¶7.	**THE JUDGMENT OF THE HUMPHREYS COUNTY CIRCUIT COURT IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**

---

[2] *See Brand*, 980 So. 2d at 965 (¶10) ("The untimely filing of a motion to clarify in no way extends the period of time in which Brand could have appealed the original, dispositive order; furthermore, the chancellor's denial of the same in no way revived Brand's opportunity to appeal the original judgment.").