# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CC-00027-COA

**DESOTO COUNTY, MISSISSIPPI**                                    **APPELLANT**

**v.**

**STANDARD CONSTRUCTION COMPANY, INC.**                          **APPELLEE**

DATE OF JUDGMENT:              09/29/2017
TRIAL JUDGE:                   HON. GERALD W. CHATHAM SR.
COURT FROM WHICH APPEALED:     DESOTO COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:       ROBERT E. QUIMBY
                               ANTHONY E. NOWAK
ATTORNEY FOR APPELLEE:         WILLIAM P. MYERS
NATURE OF THE CASE:            CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION:                   APPEAL DISMISSED - 01/22/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**CARLTON, P.J., FOR THE COURT:**

¶1.    Standard Construction Company (SCC) applied for a conditional use permit to mine sand and gravel in DeSoto County, Mississippi. After the DeSoto County Board of Adjustments denied SCC's application, SCC appealed the decision to the DeSoto County Board of Supervisors. The Board of Supervisors held a public hearing on the matter and ultimately denied SCC's application. SCC then appealed to the DeSoto County Circuit Court. The circuit court entered an order and opinion reversing the Board of Supervisors' decision. The Board of Supervisors filed a motion for rehearing, which the circuit court denied.

¶2.    The Board of Supervisors now appeals, arguing that the circuit court erred in finding

that the Board's denial of SCC's application was arbitrary and capricious. On January 18, 2018, SCC filed a motion to dismiss the Board of Supervisors' appeal as untimely filed. The Mississippi Supreme Court passed the motion for consideration with the merits of the appeal.

¶3. We find that the Board of Supervisors' appeal was untimely filed, and we therefore grant SCC's motion to dismiss the appeal.

**FACTS**

¶4. On February 11, 2016, SCC filed an application for a conditional use permit for a gravel-mining operation on property zoned "Agricultural-Residential." The DeSoto County Zoning Regulations provide that the extraction of sand and gravel therefrom is allowed only as a conditional use. Pursuant to Article XIV of the Regulations, entitled "Conditional Uses," landowners may be granted a right to conditional use with appropriate conditions and safeguards imposed to, among other things, conserve and protect property and property values in the surrounding neighborhood. The regulations state that use of the site for mining sand and gravel is not a permitted use; it is a conditional use. When considering an application for conditional use, the Board of Supervisors (on appeal from the Board of Adjustment) shall investigate all aspects of the application during a properly noticed public hearing. In doing so, the Board of Supervisors shall give particular regard to whether the application will substantially increase traffic hazards or congestion; substantially increase fire hazards; adversely affect the character of the neighborhood; adversely affect the general welfare of the county; overtax public utilities or community facilities; and conflict with the Comprehensive Plan. The regulations provide that the application shall be granted if, upon

2

the above framework, the Board of Supervisors finds the county would benefit from the proposed use.

¶5.    The Board of Adjustments held a hearing on SCC's application. After hearing testimony from both sides, the Board of Adjustments unanimously denied SCC's application on June 13, 2016. SCC appealed this decision to the Board of Supervisors.

¶6.    On September 19, 2016, the Board of Supervisors held a public hearing on the matter. That same day, the Board of Supervisors voted to affirm the Board of Adjustments' decision denying SCC's application. SCC then filed its notice of appeal to the circuit court on September 27, 2016, pursuant to Mississippi Code Annotated section 11-51-75 (Rev. 2012).[1]

¶7.    On September 29, 2017, the circuit court entered an order and opinion reversing the Board of Supervisors' decision denying SCC's application for a conditional use permit. The circuit court explained that after reviewing the record, including the transcript of the hearing, exhibits, and the Board meeting minutes, it found that the Board of Supervisors did not base its opinion on substantial evidence; rather, it based its opinion "on nothing more than public dissent." The circuit court further stated as follows:

> Without reweighing the evidence, it appears plainly to this [c]ourt the Board [of Supervisors'] conclusions . . . were just that—unsupported conclusions. Because the Board [of Supervisors'] decision was not based on substantial evidence, this [c]ourt finds that the Board's decision to deny the application for a conditional use permit was in error.

¶8.    On October 10, 2017, eleven days after entry of the circuit court's order, the Board

---

[1] "Any person aggrieved by a judgment or decision of the board of supervisors of a county . . . may appeal the judgment or decision to the circuit court of the county in which the board of supervisors is the governing body or in which the municipality is located." Miss. Code Ann. § 11-51-75.

of Supervisors filed a motion for rehearing pursuant to Mississippi Rule of Appellate Procedure 40. In its motion, the Board argued that the circuit court overlooked and misapprehended numerous facts in rendering its opinion that the Board's decision was not based on substantial evidence. SCC filed a motion in opposition, arguing that Mississippi Rule of Appellate Procedure 40 does not apply to opinions and orders handed down by a circuit court. SCC also argued that the Board of Supervisors' motion was untimely because it was filed more than ten days after the circuit court entered its order. *See* M.R.C.P. 59 ("A motion to alter or amend the judgment shall be filed not later than ten days after entry of the judgment.").

¶9. In response to SCC's motion, the Board of Supervisors asserted that Mississippi Rule of Appellate Procedure 40 provides fourteen days for a motion for rehearing to be filed, and the Board filed its motion within that time frame. The Board of Supervisors also submitted that SCC's response in opposition to its motion for rehearing was untimely filed, because SCC filed its response outside of the seven-day window provided by Mississippi Rule of Appellate Procedure 40.

¶10. On December 22, 2017, the circuit court entered an order denying the Board of Supervisors' motion for rehearing after finding that the Board "has failed to point to any new evidence, mistakes of law or fact, or other reason that would justify relief from the [c]ourt's [o]rder or otherwise warrant the [c]ourt's reconsideration of the original appeal."

¶11. The Board filed its notice of appeal on January 3, 2018.

**DISCUSSION**

4

¶12. As a procedural matter, we first address SCC's motion to dismiss the Board of Supervisors' appeal as untimely filed. As stated, on September 29, 2017, the circuit court entered its opinion and order reversing the Board of Supervisors' decision. On October 10, 2017—eleven days after the circuit court entered its opinion and order—the Board of Supervisors filed a motion for rehearing pursuant to Mississippi Rule of Appellate Procedure 40. The circuit court denied the motion for rehearing in an order filed on December 22, 2017. On January 3, 2018, the Board of Supervisors filed its notice of appeal from the circuit court's September 29, 2017 order.

¶13. On January 18, 2018, SCC filed a motion to dismiss the Board of Supervisors' appeal as untimely. In its motion to dismiss, SCC argues that the Board of Supervisors filed its notice of appeal ninety-six days after the circuit court entered its September 29, 2017 order, well outside of the thirty-day time frame set forth in Mississippi Rule of Appellate Procedure 4(a). *See* M.R.A.P. 4(a) (providing that appellants must file their notice of appeal within thirty days after the date of entry of the judgment or order appealed from). SCC asserts that a Mississippi Rule of Appellate Procedure 40 motion for rehearing fails to toll the time in which an appeal must be filed.

¶14. In response, the Board of Supervisors argues that section 11-51-75 states that the circuit court acts as an appellate court when reviewing an appeal from a board of supervisors, and caselaw is clear that the Mississippi Rules of Appellate Procedure exclusively apply in this matter. Therefore, the Board of Supervisors maintains that it possessed the right to file a motion for rehearing under Mississippi Rule of Appellate Procedure 40. The Board of

5

Supervisors also asserts that it timely filed its motion for rehearing within fourteen days of the entry of the circuit court's order. *See* M.R.A.P. 40(a) ("A motion for rehearing may be filed within 14 days after a decision is handed down on the merits of a case by the Supreme Court or the Court of Appeals.").

¶15. Mississippi Rule of Appellate Procedure 1 states as follows:

> These rules govern procedure in appeals to the Supreme Court of Mississippi and the Court of Appeals of the State of Mississippi, and proceedings on petitions for writs or other relief which the Supreme Court or the Court of Appeals or a justice of the Supreme Court or judge of the Court of Appeals is empowered to grant. When these rules provide for the making of a motion in the trial court, the procedure for making such motion shall be in accordance with the practice of the trial court.

The comment to Mississippi Rule of Appellate Procedure 1 explains that the "[r]ules which provide for the making of a motion in the trial court include Rules 4(g), extension of time to appeal; 6, determination of in forma pauperis status; 8(b), stay on appeal to be first sought in trial court; and 10(e) correction of record on appeal." The comment further states that "[t]he term 'trial court' in these rules includes a circuit or chancery court sitting as an appellate court." *Id.*; *see also City of Jackson v. United Water Servs. Inc.*, 47 So. 3d 1160, 1165 (¶13) (Miss. 2010).

¶16. Turning to examine the Board of Supervisors' argument, we recognize that Mississippi Rule of Appellate Procedure 40 provides as follows:

> A motion for rehearing may be filed within 14 days after a decision is handed down on the merits of a case by the Supreme Court or the Court of Appeals. The motion shall state with particularity the points of law or fact which, in the opinion of the movant, the court has overlooked or misapprehended and shall contain such argument in support of the motion as movant desires to present. The motion for rehearing should be used to call attention to specific errors of

6

law or fact which the opinion is thought to contain; the motion for rehearing is not intended to afford an opportunity for a mere repetition of the argument already considered by the court.

¶17. In determining whether the Board of Supervisors' Mississippi Rule of Appellate Procedure 40 motion for rehearing tolls the time for filing a notice of appeal, we look to Mississippi Rule of Appellate Procedure 4(d). Mississippi Rule of Appellate Procedure 4(d) mandates that "[i]f any party files a timely motion of a type specified immediately below[,] the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding." This provision applies to the following motions:

> timely motion[s] under the Mississippi Rules of Civil Procedure (1) for judgment under Rule 50(b); (2) under Rule 52(b) to amend or make additional findings of facts, whether or not granting the motion would alter the judgment; (3) under Rule 59 to alter or amend the judgment; (4) under Rule 59 for a new trial; or (5) for relief under Rule 60 if the motion is filed no later than 10 days after the entry of judgment.

M.R.A.P. 4(d). Our review of the Mississippi Rules of Appellate Procedure, specifically Rule 4, reflects no tolling provision for the filing of a Mississippi Rule of Appellate Procedure 40 motion for rehearing.

¶18. However, the Board of Supervisors asserts that phrase "of a type" is the critical language to examine in Mississippi Rule of Appellate Procedure 4(d): "If any party files a timely motion *of a type* specified immediately below . . . ." *Id*. (emphasis added). The Board of Supervisors submits that a motion for rehearing is of the same "type" as motions under Mississippi Rule of Civil Procedure 59 requesting a new trial or the alteration or amendment of a judgment because these motions all question the correctness of a judgment. The Board of Supervisors therefore argues that its motion for rehearing should be construed in the same

7

manner as a Mississippi Rule of Civil Procedure 59 motion. *Bruce v. Bruce*, 587 So. 2d 898, 902 (Miss. 1991) (quoting *Dalton v. First Interstate Bank of Denver*, 863 F.2d 702, 703 (10th Cir. 1988)) ("[R]egardless of how styled, a motion questioning the correctness of a judgment and timely made within ten days thereof will be treated under [Mississippi Rule of Civil Procedure] 59(e).").

¶19. In addressing the Board of Supervisors' argument that its Mississippi Rule of Appellate Procedure 40 motion for rehearing should be construed as a motion filed under Mississippi Rule of Civil Procedure 59, we recognize that this Court has held that "[t]he Mississippi Rules of Civil Procedure provide two avenues to move the trial court to reconsider its judgment. The aggrieved party may (1) file a motion for a new trial or to alter or amend under [Mississippi Rule of Civil Procedure] 59 or (2) file for a relief from a final judgment under [Mississippi] Rule [of Civil Procedure] 60(b)." *Loftin v. Jefferson Davis Cty. Sch. Dist.*, 142 So. 3d 1098, 1100 (¶5) (Miss. Ct. App. 2014).[2] Motions to reconsider filed under Mississippi Rule of Civil Procedure 59(a) and Mississippi Rule of Civil Procedure 59(e) must be filed within ten days after the entry of the judgment. M.R.C.P. 59; *Loftin*, 142 So. 3d at 1100 (¶5). "[T]his ten-day requirement is absolute, and the court is not permitted to extend this time period." *Sanders v. Hoover*, 170 So. 3d 1233, 1234 (¶6) (Miss. Ct. App. 2015) (internal quotation marks omitted) (quoting *Wilburn v. Wilburn*, 991 So. 2d

[2] "A motion for reconsideration requesting a change in the result of a bench trial has been deemed to be a motion to alter or amend the judgment pursuant to [Mississippi Rule of Civil Procedure] 59(e)." *McGrew v. McGrew*, 184 So. 3d 302, 306 (¶13) (Miss. Ct. App. 2015).

1185, 1191 (¶11) (Miss. 2008)).[3] A motion under Mississippi Rule of Civil Procedure 59 that is "filed more than ten days after the entry of the judgment falls under [Mississippi Rule of Civil Procedure] 60(b). And a [Mississippi Rule of Civil Procedure] 60(b) motion does not toll the thirty-day time period to file a notice of appeal." *Loftin*, 142 So. 3d at 1100 (¶5); *see also Sanders*, 170 So. 3d at 1234 (¶4) ("An untimely filed [m]otion for [r]econsideration will not excuse an untimely [n]otice of [a]ppeal, and clearly will not create or confer jurisdiction in this Court.").[4]

---

[3] In the recent case of *Massey v. Oasis Health & Rehab of Yazoo City LLC*, No. 2017-CA-00086-COA, 2018 WL 4204207, at *5 (¶16) (Miss. Ct. App. Sept. 4, 2018), the appellant, Massey, filed his Mississippi Rule of Civil Procedure 59 motion eleven days after the circuit court entered its order—one day too late. The appellee, Oasis, responded to Massey's Mississippi Rule of Civil Procedure 59 motion on the merits, but Oasis failed to object to the motion as untimely. *Id*. at *6 (¶20). In discussing whether it possessed jurisdiction, this Court acknowledged the supreme court's recent departure from the established precedent of finding no jurisdiction in such circumstances. *Id*. at *5 (¶18). This Court recognized that in *Wilburn v. Wilburn*, 991 So. 2d at 1191 (¶11), the supreme court found that it possessed jurisdiction over an appeal where the appellee failed to object at the trial level to the timeliness of the appellant's untimely Mississippi Rule of Civil Procedure 59 motion. *Massey*, 2018 WL 4204207, at *5 (¶18). This Court found that the circumstances in *Massey* were "materially identical" to those in *Wilburn* and therefore similarly found it possessed jurisdiction to address the merits of Massey's appeal. *Id*. at *5-6 (¶¶18-20). In the present case, SCC filed a motion in opposition to the Board's Mississippi Rule of Civil Procedure 59 motion, arguing that Mississippi Rule of Appellate Procedure 40 does not apply to opinions and orders handed down by a circuit court <u>and</u> that the motion was untimely because it was filed more than ten days after the circuit court entered its order. We therefore clarify that holding set forth in *Massey* does not apply to the circumstances of the present case.

[4] Mississippi Rule of Civil Procedure 59 provides that "[a] motion to alter or amend the judgment shall be filed not later than ten days after entry of the judgment." The Board of Supervisors filed its motion eleven days after the entry of the circuit court's order. The Board argues, however, that Mississippi Rule of Appellate Procedure 26(c) afforded the Board of Supervisors three additional days to file its motion. The Board of Supervisors explains as follows:

¶20. The record is clear that the Board of Supervisors filed its motion for rehearing eleven days after the circuit court entered its judgment and therefore failed to toll the thirty-day time period for filing a notice of appeal. Because the Board of Supervisors filed its notice of appeal on January 3, 2018, ninety-six days after the circuit court entered its September 29, 2017 order and opinion, we find that the appeal is untimely filed, and we lack jurisdiction.[5]

¶21. **APPEAL DISMISSED.**

---

> Because the trial court was sitting as an appellate court, the Clerk was required to serve notice of entry of the judgment by mail to all counsel of record. [Mississippi Rule of Appellate Procedure] 45(c). Accordingly, three days were added to the requisite ten days within which to file a Rule 59 motion. [M.R.C.P.] 6(e); [M.R.A.P.] 26(c).

The Board of Supervisors maintains that after factoring in the additional three days, the Board timely filed its motion within the permissible ten-day time period, thus tolling the time frame within which to file a notice of appeal. Contrary to the assertion of the Board of Supervisors, Mississippi Rule of Civil Procedure 59 does not provide an extension of the ten-day filing period based on service by mail of the entry of the judgment.

[5] In its response to the motion to dismiss the appeal, the Board of Supervisors argues that the circuit court failed to follow the provisions of section 11-51-75 and certify its order to the Board of Supervisors. Section 11-51-75 provides, in part, that "the circuit court shall render such judgment as the board or municipal authorities ought to have rendered, and certify the same to the board of supervisors or municipal authorities." The Board of Supervisors therefore asserts that absent a certification by the circuit court to the Board, no final judgment existed from which the Board could appeal. However, our review of section 11-51-75 fails to reflect any language requiring a circuit court to certify its order to the board of supervisors in order for it to be considered a final, appealable judgment. Additionally, we recognize that "[a] final, appealable judgment is one that adjudicates the merits of the controversy and settles all issues as to all the parties and requires no further action by the trial court." *Conservatorship of Smith v. Vandevort*, 237 So. 3d 852, 862 (¶29) (Miss. Ct. App. 2017). "When all the issues in a case or claims against all the parties are not resolved in a judgment, no appeal of right can be taken." *Id*. Although the circuit court herein did not certify its order and opinion as final, our review of the record reflects that the circuit court "adjudicate[d] the merits of the controversy and settle[d] all issues as to all the parties," and the matter "require[d] no further action" by the circuit court.

10

**GRIFFIS, C.J., BARNES, P.J., WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.  McDONALD, LAWRENCE AND McCARTY, JJ., NOT PARTICIPATING.**